MEDINA COUNTY BAR ASSOCIATION *v.* GRIESELHUBER.

[Cite as *Medina Cty. Bar Assn. v. Grieselhuber* (1997), 78 Ohio St.3d 373.]

(No. 96–2783—Submitted February 19, 1997—Decided May 14, 1997.)

*Patricia A. Walker* and *Stephen J. Brown,* for relator.

*Pierre Grieselhuber, pro se.*

*Per Curiam.* We recognize that advertising assists the public in the selection of an attorney. EC 2–9. However, our Ethical Considerations, which represent the objectives toward which every member of the profession should strive warn that "[m]ethods of advertising that are false, misleading or deceptive should be and are prohibited." EC 2–9. To enable attorneys to meet these ethical objectives, our Disciplinary Rules provide specific guidelines for the content of public communications by attorneys. Underlying these guidelines is the standard of truthfulness.

We accept the findings of the board and agree with its conclusions that the advertisements of respondent contain unverifiable as well as misleading statements. We further agree with the board that the wording in respondent's advertisements violates specific Disciplinary Rules.

Respondent's claim that his advertisements are within the guidelines regarding commercial speech by professionals set out by the United States Supreme Court is inaccurate. For example, DR 2–102(B) proscribes the practice of law under a trade name, a restriction found to be valid with respect to professional optometrists in *Friedman v. Rogers* (1979), 440 U.S. 1, 99 S.Ct. 887, 59 L.Ed.2d 100. DR 2–101(E)(1)(c) requires that information regarding contingent fees be accompanied by a statement that the litigant might be liable for costs and expenses. The Supreme Court found such a restriction to be valid in *Zauderer v. Office of Disciplinary Counsel* (1985), 471 U.S. 626, 652–653, 105 S.Ct. 2265, 2282–2283, 85 L.Ed.2d 652, 673. In short, our Disciplinary Rules do not infringe on respondent's right of commercial speech.

We further agree with the recommendation of the board. Respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.