[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 373.]

MEDINA COUNTY BAR ASSOCIATION V. GRIESELHUBER.

[Cite as *Medina Cty. Bar Assn. v. Grieselhuber*, 1997-Ohio-58.]

*Attorneys at law—Misconduct—Public reprimand—Violating Disciplinary Rules relating to attorney advertising.*

(No. 96-2783—Submitted February 19, 1997—Decided May 14, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-52.

_____

{¶ 1} On June 5, 1995, relator, Medina County Bar Association, filed a complaint against respondent, Pierre A. Grieselhuber of Strongsville, Ohio, Attorney Registration No. 0005648,  charging that respondent placed advertisements in the 1994-1995 Medina/Brunswick GTE Yellow Pages and the 1995-1996 Medina County Yellow Pages that violated the Disciplinary Rules relating to attorney advertising.  Respondent filed an answer denying any violations and further asserted that the advertising was within his constitutional rights and within the guidelines set down by the United States Supreme Court.

{¶ 2} As a result of a hearing on the complaint and answer, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on November 25, 1996, found that advertisements THAT respondent placed in the above-mentioned publications contained the heading "Body Injury Legal Centers" as a trade name, and concluded that such a designation violated DR 2-102(B) (a lawyer in private practice shall not practice under a trade name).  The panel also found that respondent's  trade name suggested that he had multiple legal centers.  In substance, however, in addition to his office in Strongsville, respondent did some work in Huron, Ohio, at the offices of a friend, knew two or three lawyers in Port Clinton, Ohio, with whom he considered working, maintained a boat and a

condominium in Port Clinton, and was considering working with former classmates in Florida.

{¶ 3} The panel found that the words, "Pierre A. Grieselhuber and Affiliates," which appeared below the trade name in the advertisements, suggested that respondent had affiliates. In fact, he was a sole practitioner and did not have "affiliates," although at one time attorneys had shared space with him. The panel also found that the words in the advertisements, "Practice limited to representing the Injured across the Country and around the World," were misleading because respondent did some work in other areas of the law. While his national experience consisted in having done some business in twenty-three other states, his international experience was related to having some clients from foreign countries and having been admitted *pro hac vice* in the British Virgin Islands. The panel concluded that these misleading representations violated DR 2-101(A)(1) (a lawyer shall not use any form of public communication that contains false, fraudulent, misleading, or deceptive statements).

{¶ 4} The panel additionally found that the words "WE GET PAID FROM OUR RECOVERY OF MONEY DAMAGES FOR YOU" failed to inform prospective clients about the costs and expenses of litigation and concluded that respondent had violated DR 2-101(E)(1)(c) (contingent fees may be communicated provided that the statement discloses that litigant could be liable for the payment of court costs and expenses). The panel also found that the words "We Do It Well," which appeared in the 1994-1995 advertisement, were not verifiable and concluded that their use constituted a violation of DR 2-101(A)(4) (a lawyer shall not use any for of public communication that contains a claim that is not verifiable). The panel found that respondent's violations were the result of error, not malice, and that no one had been misled or otherwise harmed by the advertisements. Hence the panel recommended that respondent receive a public reprimand. The board agreed with the findings, conclusions, and recommendation of the panel.

---

*Patricia A. Walker* and *Stephen J. Brown*, for relator.

*Pierre Grieselhuber, pro se.*

---

*Per Curiam***.**

**{¶ 5}** We recognize that advertising assists the public in the selection of an attorney. EC 2-9. However, our Ethical Considerations, which represent the objectives toward which every member of the profession should strive warn that "[m]ethods of advertising that are false, misleading or deceptive should be and are prohibited." EC 2-9. To enable attorneys to meet these ethical objectives, our Disciplinary Rules provide specific guidelines for the content of public communications by attorneys. Underlying these guidelines is the standard of truthfulness.

**{¶ 6}** We accept the findings of the board and agree with its conclusions that the advertisements of respondent contain unverifiable as well as misleading statements. We further agree with the board that the wording in respondent's advertisements violates specific Disciplinary Rules.

**{¶ 7}** Respondent's claim that his advertisements are within the guidelines regarding commercial speech by professionals set out by the United States Supreme Court is inaccurate. For example, DR 2-102(B) proscribes the practice of law under a trade name, a restriction found to be valid with respect to professional optometrists in *Friedman v. Rogers* (1979), 440 U.S. 1, 99 S. Ct. 887, 59 L.Ed. 2d 100. DR 2-101(E)(1)(c) requires that infomation regarding contingent fees be accompanied by a statement that the litigant might be liable for costs and expenses. The Supreme Court found such a restriction to be valid in *Zauderer v. Office of Disciplinary Counsel* (1985), 471 U.S. 626, 652-653, 105 S. Ct. 2265, 2282-2283, 85 L.Ed.2d 652, 673. In short, our Disciplinary Rules do not infringe on respondent's right of commercial speech.

{¶ 8} We further agree with the recommendation of the board. Respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____