TOLEDO BAR ASSOCIATION v. JOHNSON.

[Cite as *Toledo Bar Assn. v. Johnson*, 121 Ohio St.3d 226, 2009-Ohio-777.]

(No. 2008–1736—Submitted September 17, 2008—Decided March 3, 2009.)

---

**Per Curiam.**

{¶ 1} Respondent, Willard Allen Johnson of Holland, Ohio, Attorney Registration No. 0016299, was admitted to the practice of law in Ohio in 1954. The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice for six months but stay the suspension on the conditions of restitution and no further misconduct, based upon findings that he impermissibly shared fees with another lawyer, charged clearly excessive fees, and failed to deposit unearned fees in a client trust account. We agree that respondent violated the Disciplinary Rules of the Code of Professional Responsibility as found by the board and accept the recommendation for a six-month conditionally stayed suspension.

{¶ 2} Relator, Toledo Bar Association, charged respondent with professional misconduct, including five violations of the Disciplinary Rules. A panel of the board considered the case on the parties' consent-to-discipline agreement. See Section 11 of the Rules and Regulations Governing Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). Accepting the agreement, the panel found the stipulated misconduct and recommended the six-month stayed suspension. The board adopted the panel's report.

## Misconduct

{¶ 3} Respondent stipulated that he violated DR 2–107(A) (providing that lawyers who are not in the same firm must obtain client consent in order to divide legal fees) by paying 35 percent of a $9,800 legal fee to another lawyer with whom he was not formally associated. In 2006, Mary Lou Sawers[1] assisted respondent in preparing revocable and irrevocable trust documents for John G. and Nancy Mayer, a couple seeking estate-planning advice. Respondent and Sawers agreed to the division of fees without notice to the Mayers.

{¶ 4} Respondent also stipulated that he violated DR 2–106(A) (prohibiting a lawyer from charging or collecting a clearly excessive fee) and 1–102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) by charging $9,800 to prepare the trusts and related documents for the Mayers. Respondent received generic forms from Sawers that he made no effort to adapt to the clients' individualized legal needs. In fact, respondent had not even considered joint and survivorship accounts, which, given the size and nature of the Mayers' estates, would have avoided significant tax consequences and would have significantly reduced the Mayers' legal fees.

---

1. Sawers received a public reprimand for the misconduct she committed during this attorney-client relationship. See *Toledo Bar Assn. v. Sawers*, 121 Ohio St.3d 229, 2009-Ohio-778, 903 N.E.2d 309.

{¶ 5} In addition to the trusts, other documents were produced for the Mayers, including durable general powers of attorney, health-care powers of attorney, living wills, and pour-over wills. Respondent failed to make sure that the documents were ready for the Mayers' review at the time of the signing, and he improperly had his clients sign the signature pages only, without allowing them to see the completed papers. The Mayers ultimately lost confidence in respondent and had him terminate the still-unfunded trusts.

{¶ 6} Respondent also stipulated that he committed two violations of DR 9–102(A) (requiring a lawyer to deposit client funds in a separate identifiable bank account). The first violation occurred when he deposited the Mayers' $9,800 unearned fee directly into his law office operating account before completing the work that he had agreed to perform.

{¶ 7} In a second violation of DR 9–102(A), respondent accepted a $5,500 fee from Marian Hopping–Werner, another client for whom he had recommended an irrevocable trust, will, powers of attorney, and a living will, and directly deposited her fee into his office operating account. A few days later, Hopping–Werner reconsidered and asked respondent to refund her fees. Though respondent had done little or nothing for his client and their fee contract had specified that fees remained the property of the client until respondent completed the work, respondent refused to refund the $5,500. He told his client, in effect, that the fee was earned upon deposit.

{¶ 8} Respondent also stipulated to having charged Hopping–Werner a clearly excessive fee in violation of DR 2–106(A). He conceded that Hopping–Werner's assets and estate-planning situation did not warrant a fee of $5,500, because the documentation necessary to satisfy her needs and desires was neither unusual nor complex.

{¶ 9} We accept the stipulations of misconduct.

## Sanction

{¶ 10} We also accept the sanction proposed in the parties' consent-to-discipline agreement. The sanction proposed by the parties is consistent with *Cleveland Bar Assn. v. Character–Floyd* (1998), 83 Ohio St.3d 306, 699 N.E.2d 922, a disciplinary proceeding in which we ordered a six-month suspension, all stayed on conditions of restitution and no further misconduct, because the lawyer had committed misconduct including (1) failing to obtain client approval before dividing fees with a lawyer with whom she was not professionally associated, (2) failing to maintain unearned fees in a client trust account, and (3) charging a clearly excessive fee. In accepting the recommendation for the same sanction here, we note that respondent has repaid the Mayers his $6,370 share of the fees he received from the couple and Hopping–Werner's $5,500 fee.

{¶ 11} Respondent is suspended from the practice of law in Ohio for six months; however, in view of the restitution that respondent has already provided, the suspension is stayed on the condition that he commit no further acts of misconduct during the period of suspension. If respondent violates the condition of the stay, the stay will be lifted, and respondent will serve the entire six-month suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Munger Co., L.P.A., and Marshall W. Guerin; and Rohrbachers, Light, Cron & Trimble and Michael J. Manahan, for relator.

Reminger Co., L.P.A., and Emily W. Newman, for respondent.