Reminger Co., L.P.A., and Emily W. Newman, for respondent.

_____

TOLEDO BAR ASSOCIATION *v.* SAWERS.

[Cite as *Toledo Bar Assn. v. Sawers*, 121
Ohio St.3d 229, 2009-Ohio-778.]

(No. 2008–1736—Submitted September 17, 2008—Decided March 3, 2009.)

_____

**Per Curiam.**

{¶ 1} Respondent, Mary Lou Sawers of Toledo, Ohio, Attorney Registration No. 0073345, was admitted to the practice of law in Ohio in 2001. The Board of Commissioners on Grievances and Discipline recommends that we publicly reprimand respondent, based on findings that she charged clearly excessive fees, accepted employment in a legal field in which she was not professionally competent, and failed to deposit unearned fees in a client trust account. We

agree that respondent violated the Disciplinary Rules of the Code of Professional Responsibility as found by the board and that a public reprimand is appropriate.

{¶ 2} Relator, Toledo Bar Association, charged respondent with professional misconduct, including violations of DR 2–106(A) (prohibiting a lawyer from charging or collecting a clearly excessive fee), 6–101(A)(1) (prohibiting a lawyer from accepting employment in a legal field in which the lawyer knows or should know that she is not professionally competent), and 9–102(A) (requiring a lawyer to deposit client funds in a separate, identifiable bank account). A panel of the board considered the case on the parties' consent-to-discipline agreement. See Section 11 of the Rules and Regulations Governing Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Prof.Reg."). Accepting the agreement, the panel found the stipulated misconduct and recommended a public reprimand. The board adopted the panel's report.

## Misconduct

{¶ 3} Respondent was previously informally affiliated in the practice of law with Willard A. Johnson. Respondent met John G. and Nancy Mayer at a seminar presented by Willard Johnson & Associates titled "Elder Law Planning Strategies."

{¶ 4} Concluding that the Mayers were good candidates for their services, respondent and Johnson met with the Mayers in February 2006 at Johnson's office and agreed to prepare for the couple a revocable trust and an irrevocable trust.[1] The Mayers paid Willard Johnson & Associates the $9,800 fee that Johnson quoted for the trust work. By agreement between themselves and without notice to the Mayers, Johnson kept 65 percent of the Mayers' $9,800 fee; respondent received 35 percent.[2]

{¶ 5} In representing the Mayers, respondent prepared generic trust documents for the couple, making no effort to adapt the documents to their individualized legal needs. For this, Johnson and respondent charged nearly $10,000. Respondent admitted that she and Johnson had thereby charged an excessive fee in violation of DR 2–106(A).

{¶ 6} Respondent also admitted that in agreeing to represent the Mayers, she accepted employment for which she had insufficient knowledge and experience, a

---

1. Johnson received a six-month license suspension, conditionally stayed, for misconduct he committed during this attorney-client relationship and in connection with another client. See *Toledo Bar Assn. v. Johnson*, 121 Ohio St.3d 226, 2009-Ohio-777, 903 N.E.2d 306.

2. We held Johnson accountable for the impropriety of this arrangement, see DR 2–107(A) (providing that lawyers who are not in the same firm must obtain client consent in order to divide legal fees), because he was the more seasoned attorney and was in charge of the attorney-client relationship. See *Johnson*, 121 Ohio St.3d 226, 2009-Ohio-777, 903 N.E.2d 306.

violation of DR 6–101(A)(1). Respondent conceded that she did not realize the adverse federal tax consequences for the Mayer trusts until she met with their financial planner, a revelation that caused the Mayers to ask that the trusts be terminated. Finally, respondent admitted that she deposited the Mayers' $3,430 directly into her general business account, a violation of her duty under DR 9–102(A) to hold these funds in trust until earned.

{¶ 7} We accept the stipulations of misconduct.

### Sanction

{¶ 8} We also accept the sanction proposed in the parties' consent-to-discipline agreement, a proposal that takes into account respondent's cooperation in the disciplinary process and her lack of a prior disciplinary record, see BCGD Proc.Reg. 10(B)(2)(a) and (d), as well as her acknowledgement of wrongdoing. Respondent has also reimbursed the Mayers for the legal fees she received.

{¶ 9} We hereby publicly reprimand respondent for her violations of DR 2–106(A), 6–101(A)(1), and 9–102(A). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Munger Co., L.P.A., and Marshall W. Guerin; Rohrbachers, Light, Cron & Trimble, and Michael J. Manahan; and Jonathan B. Cherry, Bar Counsel, for relator.

Goranson, Parker & Bella and Christopher F. Parker, for respondent.