GEAUGA COUNTY BAR ASSOCIATION *v.* SNYDER.

[Cite as *Geauga Cty. Bar Assn. v. Snyder,* 136 Ohio St.3d 320,

2013-Ohio-3688.]

*Attorneys—Misconduct—Failure to advise in writing that client may be entitled to refund of flat-fee retainer if lawyer does not complete representation— Public reprimand.*

(No. 2012-2074—Submitted February 6, 2013—Decided September 4, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-099.

_____

**Per Curiam**.

{¶ 1} Respondent, Timothy Harry Snyder of Burton, Ohio, Attorney Registration No. 0065926, was admitted to the practice of law in Ohio in 1996. In an 11-count amended complaint, relator, Geauga County Bar Association, alleged that Snyder committed 18 violations of the Rules of Professional Conduct, including charging excessive and nonrefundable fees in several client matters, as a result of his activities in connection with a paralegal support company and with out-of-state counsel. The parties eventually submitted detailed stipulations that for the most part state facts. Some of the stipulations, however, specify that the parties disagree on certain matters. The stipulations do not include any admitted violations. At the start of a hearing conducted before a panel of the Board of Commissioners on Grievances and Discipline, relator withdrew five alleged violations. The remaining allegations were fully heard.

{¶ 2} Following the hearing, the panel concluded that relator proved three violations and recommended dismissal of the remaining alleged violations as not proved by clear and convincing evidence. The board agreed with and

adopted the panel's findings of fact, conclusions of law, and recommendation of a public reprimand. No objections have been filed.

{¶ 3} Upon our independent review of the record, we adopt the board's findings of fact and misconduct and agree that the appropriate sanction is a public reprimand.

## Misconduct

{¶ 4} Relator alleged that Snyder charged excessive and nonrefundable fees, improperly shared fees with out-of-state counsel, engaged in the unauthorized practice of law, failed to supervise nonlawyers in a connected paralegal support company, and failed to disclose to his clients his relationship with the paralegal support company. At the beginning of the hearing, relator withdrew some allegations of violations contained in several counts and withdrew two counts in their entirety.

{¶ 5} The board ultimately found that relator proved that Snyder violated Prof.Cond.R. 7.3(c)(3) (requiring a written communication from a lawyer soliciting professional employment from a prospective client to conspicuously include in its text and on the outside envelope the recital "ADVERTISING MATERIAL" or "ADVERTISEMENT ONLY"), 1.5(d)(3) (prohibiting a lawyer from charging a fee denominated as "earned upon receipt" or "nonrefundable" without simultaneously advising the client in writing that the client may be entitled to a refund of all or part of the fee if the lawyer does not complete the representation), and 1.5(e) (permitting attorneys who are not in the same firm to divide fees only if the fees division is reasonable and proportional to the work performed, the client consents to the arrangement in writing after full disclosure, and a written closing statement is prepared and signed by the client and each lawyer). The panel recommended dismissal of the remaining original allegations in addition to those withdrawn at the hearing, and the board adopted that

recommendation. We accept the recommendation to dismiss all alleged violations except for the three that were found to have merit.

**{¶ 6}** The stipulated facts and evidence relevant to the three proven violations demonstrate that Snyder, doing business as Snyder Professional Law Services ("SPLS"), promoted SPLS as a foreclosure-defense firm with "of counsel" relationships with out-of-state attorneys. SPLS's office letterhead reflected these "of counsel" relationships.

**{¶ 7}** Snyder shared office space with Performing Investment Corporation ("PIC"), a business that provided paralegal and support services for Snyder, including interacting with clients on the phone, compiling information, and contacting lenders regarding mitigation options. PIC employed a former Ohio attorney who had resigned from the practice of law in 2004 with disciplinary action pending. One of the stipulations acknowledges both Snyder's assertion that he retained full supervision over the former attorney and relator's disagreement with that assertion. PIC contracted with a marketing firm that assisted Snyder in attracting potential clients. Solicitation letters were sent to homeowners who were behind in their mortgage payments. Although the envelopes conspicuously showed that the enclosed letter was an advertisement, the letters themselves did not conspicuously include in their text the capitalized recital "ADVERTISING MATERIAL" or "ADVERTISEMENT ONLY." *See* Prof.Cond.R. 7.3(c)(3).

**{¶ 8}** As part of his representation, Snyder would enter into a fee agreement with the client and SPLS that provided for a flat fee that was deemed earned in full upon the opening of the file and provided that no refunds would be made. The fee agreement also contained a provision that stated: "Client has the right to terminate this Agreement by notifying the SPLS in writing. Fees earned shall be retained * * *." Snyder testified at the disciplinary hearing that the cost

to the clients for representation ranged from $1,595 to $2,295. Of the contract fee amounts for out-of-state cases, between $200 and $500—depending on the state—would be sent to the attorney outside of Ohio who was listed as "of counsel" for that particular state. Snyder generally retained $300 for each client, with the balance of the client's payment going to PIC for its services.

**{¶ 9}** We adopt the board's findings and conclusions with regard to violations of Prof.Cond.R. 1.5(d)(3), 1.5(e), and 7.3(c)(3).

### Sanction

**{¶ 10}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties violated, the actual injury caused, the existence of any aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B), and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16; *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 11}** Snyder's ethical breaches concerning the deficient solicitation letters and fee matters are identified above. The board found as mitigating factors Snyder's absence of a prior disciplinary record, his lack of a dishonest or selfish motive, his numerous voluntary refunds to his clients notwithstanding the language in the fee agreements, his full and free disclosure and cooperative attitude toward the proceedings, and his good character and reputation. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (c), (d), and (e). The board further found that no clients were harmed by Snyder's misconduct and that he had voluntarily terminated his relationship with PIC.

**{¶ 12}** The board found as aggravating factors that Snyder engaged in a pattern of misconduct and committed multiple offenses. *See* BCGD Proc.Reg. 10(B)(1)(c) and (d). The board found as additional aggravating factors that

4

Snyder should have recognized that his out-of-state solicitation letters were misleading as to his ability to practice in those states and that he should have registered with the Office of Disciplinary Counsel his employment, contractual, or consulting relationship with a disqualified attorney. *See* Gov.Bar R. V(8)(G)(3).

**{¶ 13}** With regard to the violation of Prof.Cond.R. 1.5(d)(3), the board cited two cases as precedent for its recommendation of a public reprimand. In *Akron Bar Assn. v. Freedman*, 128 Ohio St.3d 497, 2011-Ohio-1959, 946 N.E.2d 753, we imposed a public reprimand on an attorney who was found to have violated three Professional Conduct Rules, including Prof.Cond.R. 1.5(d)(3), when he did not execute a written fee agreement and did not advise his clients that they might be entitled to a refund of all or part of the fee if he did not complete the representation. *Id.* at ¶ 3. Mitigating factors included no prior disciplinary record in almost 30 years of practice, the absence of a dishonest or selfish motive, respondent's full and free disclosure to the disciplinary board, his expression of remorse, and his character and reputation. *Id.* at ¶ 8.

**{¶ 14}** The board additionally cited *Cincinnati Bar Assn. v. Seibel*, 132 Ohio St.3d 411, 2012-Ohio-3234, 972 N.E.2d 594, in which we also imposed a public reprimand, as instructive regarding a violation of Prof.Cond.R. 1.5(d)(3). In that case, the respondent also was found to have violated three other rules when he accepted two nonrefundable retainers from his client, failed to deposit those retainers into his trust account, failed to return his client's file and provide an accounting after being terminated, and failed to reduce his contingent-fee agreement to writing. *Id.* at ¶ 8. Mitigating factors included lack of a prior disciplinary record, acceptance of responsibility, cooperation with the disciplinary investigation, and restitution. *Id.* at ¶ 11, 14.

**{¶ 15}** In discussing sanctions for the remaining two violations, the board stated that each warranted a sanction "of a low level" primarily because neither

violation caused harm to any client, but did not identify any precedent. We have not imposed discipline based on a violation of Prof.Cond.R. 7.3(c)(3). As to a violation of Prof.Cond.R. 1.5(e), in *Toledo Bar Assn. v. Johnson*, 121 Ohio St.3d 226, 2009-Ohio-777, 903 N.E.2d 306, we imposed a six-month suspension, stayed on the condition that the attorney commit no further misconduct, for violations of DR 2-107(A) (now Prof.Cond.R. 1.5(e)) and three other rules. The attorney in that case paid 35 percent of a $9,800 legal fee to another lawyer with whom he was not formally associated, on two occasions collected a clearly excessive fee, and committed two violations of the Disciplinary Rule requiring a lawyer to deposit client funds in a separate identifiable bank account. *Id.* at ¶ 3-8. Given the number of violations and the severity of their nature, the sanction in *Johnson* is distinguishable from that appropriate here.

{¶ 16} A public reprimand here is consistent with our precedent involving cases of similar misconduct and aggravating and mitigating factors. Accordingly, we accept the board's recommendation and hereby publicly reprimand Timothy Harry Snyder for his violations of Prof.Cond.R. 1.5(d)(3), 1.5(e), and 7.3(c)(3). Costs are taxed to Snyder.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Todd Petersen and Patricia J. Schraff, for relator.

Timothy H. Snyder, pro se.

_____

6