[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lorain Cty. Bar Assn. v. Williamson,* Slip Opinion No. 2017-Ohio-6963.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-6963

LORAIN COUNTY BAR ASSOCIATION *v.* WILLIAMSON.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lorain Cty. Bar Assn. v. Williamson,* Slip Opinion No. 2017-Ohio-6963.]**

*Attorneys—Misconduct—Written advertising—Improper solicitation of potential client—Public reprimand.*

(No. 2017-0226—Submitted April 5, 2017—Decided July 27, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-031.

_____

**Per Curiam**.

{¶ 1} Respondent, Anisa Asha Muriell Williamson, of Cincinnati, Ohio, Attorney Registration No. 0083358, was admitted to the practice of law in Ohio in 2008. In August 2016, relator, the Lorain County Bar Association, charged her with violating the professional-conduct rules that regulate an attorney's written advertising communications with prospective clients. Williamson stipulated to the

charged misconduct, and after a hearing, the Board of Professional Conduct issued a report finding that she had engaged in the misconduct and recommending that we sanction her with a public reprimand. Neither party filed objections to the board's report.

{¶ 2} Based on our review of the record, we adopt the board's findings of misconduct and its recommended sanction.

**Misconduct**

{¶ 3} According to the parties' stipulations, Williamson sent a letter to David Chopcinski in Lorain, Ohio, informing him that (1) a notice of lis pendens had been filed in the Lorain County Recorder's office, (2) if he failed to respond to the notice within 28 days, a default judgment could be entered against him and an expedited foreclosure sale could be conducted, and (3) if he failed to vacate his property at the time of the foreclosure sale, the new owner could immediately begin eviction proceedings under various Ohio statutes. Williamson's letter further informed Chopcinski that her law firm could assist him in stopping the foreclosure process, keeping his home, and reducing his monthly mortgage payment.

{¶ 4} Although the letter included the recital "Advertising Material," Chopcinski did not realize that the letter was an advertisement, and he became concerned that he may lose his home. He showed the letter to his attorney, Zachary Simonoff, who reviewed the county recorder's files and discovered that a notice of lis pendens had not, in fact, been filed regarding Chopcinski. Rather, Wells Fargo had filed a complaint for foreclosure against Chopcinski in the Lorain County Court of Common Pleas. Simonoff subsequently filed a grievance with relator alleging that Williamson sent a false and misleading advertisement to his client.

{¶ 5} During the disciplinary process, Williamson stipulated that the advertisement included material misrepresentations of fact and law in an attempt to market her law firm's services. Specifically, she acknowledged that a notice of lis pendens had not been filed with the Lorain County Recorder regarding Chopcinski

and that her advertisement cited sections of the Revised Code that were irrelevant to his circumstances. During her disciplinary hearing, she testified that although her law firm had created the advertisement, she had personally approved it—despite failing to verify that the information in the letter was accurate. Based on this conduct, Williamson stipulated and the board found that she had violated Prof.Cond.R. 7.1 (prohibiting a lawyer from making or using a false, misleading, or nonverifiable communication about the lawyer or the lawyer's services).

{¶ 6} Williamson also stipulated that the letter failed to accurately and fully disclose how she became aware of Chopcinski's identity and his legal needs. And she admitted that she failed to verify that Chopcinski had been served with notice of Wells Fargo's foreclosure complaint before sending the advertisement. The parties stipulated and the board found that this conduct violated Prof.Cond.R. 7.3(c)(1) (requiring that a written communication from a lawyer soliciting professional employment from a prospective client disclose accurately and fully the manner in which the lawyer became aware of the identity and specific legal need of the addressee) and 7.3(d) (requiring that a lawyer verify that a prospective client who has been named as a defendant in a civil suit was served with notice of the action prior to the lawyer making any written solicitation of professional employment to the prospective client).

{¶ 7} We adopt the board's findings of misconduct.

## Sanction

{¶ 8} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

*Aggravating and mitigating factors*

{¶ 9} The board did not find any aggravating factors. In mitigation, the board noted that Williamson has no prior discipline, she lacked a dishonest or

selfish motive, and she made full and free disclosures to the board and cooperated in the disciplinary process. *See* Gov.Bar R. V(13)(C)(1), (2), and (4). The board also observed that she showed remorse and recognized the gravity of her misconduct—i.e., that she had solicited a potentially vulnerable prospective client in a foreclosure proceeding with inaccurate information.

*Applicable precedent*

{¶ 10} To support its recommended sanction, the board cited three cases in which we publicly reprimanded lawyers for violating the disciplinary rules governing attorney advertising. In *Disciplinary Counsel v. Bradley*, 82 Ohio St.3d 261, 695 N.E.2d 248 (1998), an attorney mailed to members of the general public and published in a newspaper advertising materials describing himself as a "leader in the creation of quality living trust documents." We held that the advertising material was self-laudatory and therefore publicly reprimanded him for violating the former disciplinary rule prohibiting a lawyer from using any form of public communication containing a false, fraudulent, misleading, deceptive, self-laudatory, or unfair statement.

{¶ 11} In *Medina Cty. Bar Assn. v. Grieselhuber*, 78 Ohio St.3d 373, 678 N.E.2d 535 (1997), we similarly publicly reprimanded an attorney who had placed advertisements in the yellow pages that violated several former disciplinary rules relating to attorney advertising. For example, the attorney's advertisement misled the public by suggesting that he had affiliates, although he was a sole practitioner. The advertisement also stated, "We Do It Well," which we found was not verifiable and therefore violated the former disciplinary rule prohibiting a lawyer from using any form of public communication containing a nonverifiable claim.

{¶ 12} Finally, in *Geauga Cty. Bar Assn. v. Snyder*, 136 Ohio St.3d 320, 2013-Ohio-3688, 995 N.E.2d 222, we publicly reprimanded an attorney who, among other misconduct, had sent solicitation letters to delinquent mortgagors without including the language required by Prof.Cond.R. 7.3(c)(3) (requiring a

written communication from a lawyer soliciting professional employment from a prospective client to conspicuously include in its text the recital "ADVERTISING MATERIAL" or "ADVERTISEMENT ONLY"). Similar to the underlying case, relevant mitigating factors in *Snyder* included the attorney's lack of prior discipline, his lack of a dishonest or selfish motive, and his cooperation in the disciplinary process. *Id.* at ¶ 11.

{¶ 13} We agree with the board that *Bradley*, *Grieselhuber*, and *Synder* are applicable precedents and that a similar sanction is warranted in this case.

### Conclusion

{¶ 14} Having considered Williamson's misconduct, the applicable mitigating factors, the absence of any aggravating factors, and the sanctions imposed for similar misconduct, we adopt the board's recommended sanction. Anisa Asha Muriell Williamson is hereby publicly reprimanded for violating Prof.Cond.R. 7.1, 7.3(c)(1), and 7.3(d). Costs are taxed to Williamson.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, and FISCHER, JJ., concur.

DEWINE, J., concurs in judgment only.

_____

Lindsey C. Poprocki and D. Christopher Cook, Bar Counsel; Trigilio, Stephenson & Dattilo and Richard Mellott Jr., for relator.

Anisa Asha Williamson, pro se.

_____