AKRON BAR ASSOCIATION *v.* FREEDMAN.

[Cite as *Akron Bar Assn. v. Freedman,* 128 Ohio St.3d 497, 2011-Ohio-1959.]

*Attorneys at law — Violations of Rules of Professional Conduct — Failure to communicate with a client — Failure to notify client of lack of professional-liability insurance — Public reprimand.*

(No. 2010-2170 — Submitted February 2, 2011 — Decided April 27, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-045.

————————————

**Per Curiam**.

{¶ 1} Respondent, Bruce Richard Freedman of Akron, Ohio, Attorney Registration No. 0023864, was admitted to the practice of law in Ohio in 1981. In June 2010, relator, Akron Bar Association, filed a complaint charging respondent with multiple violations of the Ohio Rules of Professional Conduct arising from his representation of a husband and wife who were preparing to file for bankruptcy. The parties have submitted stipulations of fact and agree that respondent has violated Prof.Cond.R. 1.4 (requiring a lawyer to reasonably communicate with a client), 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional-liability insurance), and 1.5(d)(3) (prohibiting a lawyer from denominating a fee as earned upon receipt, nonrefundable, or in similar terms without simultaneously advising the client in writing that the client may be entitled to a refund of all or part of the fee if the lawyer does not complete the representation), and relator has dismissed four other alleged violations.

{¶ 2} Pursuant to Section 3(C) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on

Grievances and Discipline ("BCGD Proc.Reg."), the matter was deemed to have been submitted without hearing. The Board of Commissioners on Grievances and Discipline has accepted the parties' agreed stipulations of fact and misconduct. The board has also adopted the parties' recommended sanction of a public reprimand. We agree that respondent has committed professional misconduct as found by the board and that a public reprimand is the appropriate sanction.

**Misconduct**

**{¶ 3}** The stipulated facts of this case demonstrate that in January 2009, a husband and wife paid respondent a $3,500 flat fee to examine their personal and business finances, handle matters with their creditors, and determine whether filing for bankruptcy was appropriate either for their businesses or for them personally. There was no written fee agreement, and respondent did not advise the couple, in writing or otherwise, that they might be entitled to a refund of all or part of the fee if he did not complete the representation. Nor did he advise them that he did not carry malpractice insurance.

**{¶ 4}** Respondent acknowledges that he did not return the couple's telephone calls as promptly as he should have and that he should have called them more frequently than he did. Although he filed a motion for leave to plead in an action filed against the couple by one of their creditors, he acknowledges that he did not advise them that he had done so.

**{¶ 5}** When the couple could not reach respondent in October 2009, they informed him by e-mail that they were terminating his services and requested a complete refund of their retainer. Respondent believed that he had rendered services exceeding the value of the retainer and has not refunded any portion of it. Although the couple and their businesses have filed for bankruptcy, they have not listed any portion of the $3,500 fee they paid to respondent or any malpractice action against him as assets of the bankruptcy, nor has their bankruptcy trustee sought return of the fee.

**{¶ 6}** The parties stipulated and the panel and board found that by failing to communicate with the clients in a timely manner, failing to keep them reasonably informed of the status of their case, and failing to comply with requests for information by the clients, respondent has violated Prof.Cond.R. 1.4. They further stipulated and the panel and board found that by failing to notify the clients of his failure to maintain malpractice insurance and the possibility that they could be entitled to a refund of any unearned fee, respondent has violated Prof.Cond.R. 1.4(c), and 1.5(d)(3). We adopt these stipulated findings of fact and misconduct.

**Sanction**

**{¶ 7}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 8}** The parties have stipulated and the panel and board have found that none of the BCGD Proc.Reg. 10(B)(1) aggravating factors are present. As mitigating factors, the parties have stipulated to the absence of a prior disciplinary record in almost 30 years of practice, the absence of a dishonest or selfish motive, respondent's acknowledgement of his errors and willingness to apologize to his clients for his misconduct, respondent's full and free disclosure to the disciplinary board, and respondent's character and reputation. See BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (e).

**{¶ 9}** The panel and board declined to characterize respondent's acknowledgment of his errors and willingness to apologize as a mitigating factor pursuant to BCGD Proc.Reg. 10(B)(2)(c), observing that the record contains no

evidence that respondent did, in fact, apologize. They did, however, accept the remaining stipulated factors, including respondent's expression of remorse.

{¶ 10} Citing a number of cases publicly reprimanding attorneys for similar misconduct, and acknowledging that respondent has practiced law for almost 30 years without a disciplinary violation, the panel and board recommend that we publicly reprimand respondent for his misconduct in this matter.

{¶ 11} In *Lorain Cty. Bar Assn. v. Godles*, 128 Ohio St.3d 279, 2010-Ohio-6274, 943 N.E.2d 988, ¶ 12, 14, 18, we publicly reprimanded an attorney who had violated Prof.Cond.R. 1.4(a)(1) through (5) (requiring a lawyer to reasonably communicate with a client), 1.4(b) (requiring a lawyer to explain matters to the extent reasonably necessary to permit the client to make informed decisions regarding the representation), and 1.4(c) and DR 1-104(A)(both requiring a lawyer to inform the client at the time of the engagement or at any time subsequent to the engagement if the lawyer does not maintain professional-liability insurance). We have also publicly reprimanded an attorney who neglected a client's legal matter, failed to hold a client's funds separate from her own, and failed to take reasonable steps to prevent damage or prejudice to a client before withdrawing from representation. *Akron Bar Assn. v. Holda*, 111 Ohio St.3d 418, 2006-Ohio-5860, 856 N.E.2d 973, ¶ 9, 15.

{¶ 12} Having considered respondent's conduct, the applicable aggravating and mitigating factors, and sanctions imposed in comparable cases, we adopt the board's recommended sanction. Bruce Richard Freedman is hereby publicly reprimanded for violating Prof.Cond.R. 1.4, 1.4(c), and 1.5(d)(3). Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Lee Peterson and Brian M. Pierce, for relator.

Dennis J. Bartek, for respondent.

_____