COLUMBUS BAR ASSOCIATION *v.* BHATT.

[Cite as *Columbus Bar Assn. v. Bhatt,* 133 Ohio St.3d 131, 2012-Ohio-4230.]

*Attorneys—Neglect of entrusted legal matters and failure to keep a client reasonably informed of the status of a matter—Failure to notify client of lack of professional-liability insurance—Public reprimand.*

(No. 2012-0286—Submitted April 24, 2012—Decided September 19, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-039.

_____

**Per Curiam**.

{¶ 1} Respondent, Sanjay Kris Bhatt of Columbus, Ohio, Attorney Registration No. 0063913, was admitted to the practice of law in Ohio in 1994.

{¶ 2} On April 11, 2011, relator, Columbus Bar Association, filed a complaint with the Board of Commissioners on Grievances and Discipline alleging, among other things, that Bhatt had neglected two client matters, failed to keep those clients reasonably informed about their matters, and failed to notify them that his professional-liability insurance lapsed for several months during his representation. The parties entered into stipulations of fact and misconduct and further agreed that there was insufficient evidence to support five of the violations alleged in the complaint.

{¶ 3} The panel and board adopted the parties' stipulations of fact and misconduct, dismissed five of the alleged violations based upon the stipulated insufficiency of the evidence, and adopted the jointly recommended sanction of a public reprimand for Bhatt's misconduct. We adopt the board's findings of fact and misconduct and publicly reprimand Bhatt.

## Misconduct

### *Count One*

{¶ 4}   The parties stipulated that in 2004, Bhatt incorporated A & S Brothers Corporation ("A & S") on behalf of several clients, including Dr. Niranjan Shah.   Following the incorporation, A & S purchased and operated several businesses, and Bhatt served as legal counsel to the corporation.

{¶ 5}   A & S later sold the businesses it had acquired, receiving a down payment of $72,000 from the buyer.  The balance of the purchase price was to be paid in monthly installments of $5,065.  The shareholders agreed that certain bills should be paid from the down payment but could not agree on how to disburse the remaining proceeds.

{¶ 6}   The buyer sent the monthly payments to Bhatt, who received them on behalf of the corporation.  However, Bhatt did not deposit those checks into his client trust account or otherwise negotiate them because they were made payable to A & S.

{¶ 7}   In October 2008, Bhatt provided an accounting of the funds received and the disbursements made on behalf of A & S.  The shareholders then entered into a written agreement to disburse the remainder of the down payment and the first two monthly payments.  The shareholders, however, could not agree on how to disburse the remaining monthly checks.  Bhatt continued to receive checks from the buyer but was not able to negotiate them because they were made payable to A & S.  In 2009, he stopped responding to shareholder requests for information and accountings.

{¶ 8}   In February 2010, Shah filed a grievance with relator.  After receiving notice of the grievance, Bhatt asked the buyer to replace the monthly checks with a single check made payable to his client trust account.  In June, however, the buyer sent another check for the prior payments payable only to the corporation.  The shareholders then agreed that Bhatt could deposit the check into

his client trust account, which he did. The shareholders finally agreed to resolve their dispute in August, and Bhatt disbursed the funds pursuant to that agreement.

{¶ 9} The parties also stipulated that at Bhatt's deposition, he testified that his professional-liability insurance had lapsed from January through March 2010 and that he failed to notify A & S of this lapse.

{¶ 10} Based upon this conduct, the parties stipulated, and the panel and board found, that Bhatt had violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional-liability insurance), and 1.15(e) (requiring a lawyer in possession of funds in which two or more persons claim an interest to hold those funds in his client trust account until the dispute is resolved).

{¶ 11} However, having adopted the parties' stipulation that there is insufficient evidence to establish that Bhatt had violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property), 1.15(d) (requiring a lawyer to provide notice when the lawyer receives funds in which a client has an interest and to, upon request, promptly render a full accounting regarding such funds), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), the panel and board recommend that we dismiss these alleged violations.

*Count Two*

{¶ 12} The parties stipulated that in February 2008, Sharvette Brown retained Bhatt to represent her in her bid to obtain legal custody of her grandson. In September 2009, the parties to the custody action reached a final settlement of the issues, and the magistrate directed Bhatt to draft an entry memorializing the agreement.

**{¶ 13}** Bhatt promptly drafted an agreed entry and sought to obtain the signatures of counsel for the parents and the guardian ad litem, but counsel for the parents requested substantive changes to the entry. Bhatt failed to monitor the deadline for filing the agreed entry memorializing the parties' settlement, and although one extension of time to obtain counsels' signatures was granted, he failed to request another extension or attempt to submit the entry, which accurately reflected the terms of the parties' agreement, to the court following his good-faith effort to obtain the signatures. Consequently, the court dismissed the case.

**{¶ 14}** Because the custody case was dismissed, neither Brown nor her son (the child's father) had any legal right to custody of or visitation with the child, and Brown could not obtain such rights without filing a new action. Bhatt did attempt to secure the parents' consent to reinstate the case in January 2010, but the mother's attorney advised him that the mother had retracted her consent to the original agreement.

**{¶ 15}** Bhatt took no further action and did not communicate with Brown until she filed a grievance with relator. Brown declined Bhatt's offer to file a motion for relief from judgment. At the time of the parties' stipulations, the child's mother had not permitted Brown to see the child for more than one year. Bhatt also failed to advise Brown that his professional-liability insurance had lapsed from January through March 2010.

**{¶ 16}** Based upon Bhatt's conduct in the Brown matter, the parties stipulated, and the panel and board found, that Bhatt had violated Prof.Cond.R. 1.3, 1.4(a)(3), and 1.4(c) but that there was insufficient evidence to support the alleged violations of Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client) or 8.4(h) with respect to this count.

**Sanction**

**{¶ 17}** In recommending a sanction, the panel and board considered Bhatt's conduct, the aggravating and mitigating factors listed in BCGD Proc.Reg. 10, and the sanctions we have imposed for similar misconduct. *See Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. To that end, they adopted the parties' stipulation that Bhatt's lack of any prior disciplinary action, cooperation in these disciplinary proceedings, acknowledgment of wrongdoing, absence of a selfish or dishonest motive, and reputation in the legal community for good character are mitigating factors in this case. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (e). Neither the panel nor the board found that any aggravating factors were present. Based upon these factors, the facts of this case, and the existing case law, the panel and board recommend, as did the parties, that we publicly reprimand Bhatt.

**{¶ 18}** We have previously imposed public reprimands for attorneys who have engaged in conduct comparable to that of Bhatt. *See, e.g., Akron Bar Assn. v. Freedman*, 128 Ohio St.3d 497, 2011-Ohio-1959, 946 N.E.2d 753 (publicly reprimanding an attorney who failed to communicate with clients in a timely manner, failed to keep them reasonably informed of the status of their case, and failed to notify the clients that he did not maintain malpractice insurance or that they could be entitled to a refund of any unearned portion of a nonrefundable fee); *Disciplinary Counsel v. Dundon*, 129 Ohio St.3d 571, 2011-Ohio-4199, 954 N.E.2d 1186 (publicly reprimanding an attorney who neglected a client matter, failed to regularly communicate with the client, and failed to timely respond to requests for a refund of the client's attorney fees).

**{¶ 19}** Based upon the foregoing, we adopt the board's findings of fact and misconduct, and we publicly reprimand Sanjay Kris Bhatt for his conduct in these client matters. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Bruce A. Campbell, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel; and David S. Bloomfield and David H. Thomas, for relator.

Sanjay K. Bhatt, pro se.

_____