BUTLER COUNTY BAR ASSOCIATION *v.* MCGEE.

[Cite as *Butler Cty. Bar Assn. v. McGee,*
142 Ohio St.3d 111, 2015-Ohio-973.]

(No. 2014–1376—Submitted September 10, 2014—Decided March 18, 2015.)

**Per Curiam.**

{¶ 1} Respondent, Gary Alan McGee of Hamilton, Ohio, Attorney Registration No. 0031834, was admitted to the practice of law in Ohio in 1981. On February 3, 2014, relator, Butler County Bar Association, charged McGee with professional misconduct, alleging that he had neglected a client's personal-injury matter, failed to reasonably communicate with the client, and voluntarily dismissed the case without the client's knowledge or consent.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline[1] considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11.[2] An amended consent-to-discipline agreement was subsequently filed to correct a clerical error in the original.

{¶ 3} In the amended consent-to-discipline agreement, McGee stipulates to many of the facts alleged in relator's complaint and agrees that his conduct violated Prof.Cond.R. 1.2 (requiring a lawyer to abide by the client's decisions concerning the objectives of representation and to consult with the client as to the means by which they are to be pursued), 1.4 (requiring a lawyer to reasonably communicate with a client), 1.4(a)(2) (requiring a lawyer to reasonably consult with the client about the means by which the client's objectives are to be accomplished), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), and 1.4(b) (requiring a lawyer to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation). Relator also agreed to withdraw the alleged violations set forth in the second count of its complaint.

{¶ 4} The parties stipulate that the mitigating factors include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, McGee's cooperative attitude toward the disciplinary proceedings, and evidence of his good character or reputation apart from the charged misconduct. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (e).[3] The parties do not note any aggravating

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

2. Effective January 1, 2015, Gov.Bar R. V(16), 140 Ohio St.3d CXXX, governs consent-to-discipline agreements.

3. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

factors. Based upon McGee's stipulated misconduct and these factors, the parties stipulate that the appropriate sanction is a public reprimand.

{¶ 5} The panel and board found that the amended consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety. In support of its recommendation, the panel cites four cases in which we publicly reprimanded attorneys who engaged in comparable misconduct: *Lorain Cty. Bar Assn. v. Godles,* 128 Ohio St.3d 279, 2010-Ohio-6274, 943 N.E.2d 988 (publicly reprimanding an attorney who performed very little work on a client's personal-injury case and failed to reasonably communicate with the client regarding the management and status of his case); *Disciplinary Counsel v. Dundon,* 129 Ohio St.3d 571, 2011-Ohio-4199, 954 N.E.2d 1186 (publicly reprimanding an attorney who failed to regularly communicate with the client, failed to follow up on the status of documents related to the representation, and failed to timely respond to a successor attorney's request for a refund of the client's fees); *Akron Bar Assn. v. Freedman,* 128 Ohio St.3d 497, 2011-Ohio-1959, 946 N.E.2d 753 (publicly reprimanding an attorney who failed to timely communicate with a couple who had retained him, failed to keep them reasonably informed about the status of their case, failed to inform them that he did not maintain professional liability insurance, and failed to advise them that under certain circumstances, they could be entitled to a refund of part or all of their "nonrefundable fee"); and *Columbus Bar Assn. v. Bhatt,* 133 Ohio St.3d 131, 2012-Ohio-4230, 976 N.E.2d 870 (publicly reprimanding an attorney for neglecting two client matters, failing to keep clients reasonably informed about their matters, and failing to notify clients that his professional liability insurance had lapsed).

{¶ 6} We agree that McGee violated Prof.Cond.R. 1.2, 1.4, 1.4(a)(2), 1.4(a)(3), and 1.4(b), as stated in the parties' amended agreement, and that this conduct warrants a public reprimand. We therefore adopt the parties' amended consent-to-discipline agreement and accept relator's withdrawal of the allegations in count two of the complaint.

{¶ 7} Accordingly, Gary Alan McGee is hereby publicly reprimanded. Costs are taxed to McGee.

*Judgment accordingly.*

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Christopher J. Pagan and Bennett A. Manning, for relator.

Charles J. Kettlewell, for respondent.