COLUMBUS BAR ASSOCIATION *v.* RYAN.

[Cite as *Columbus Bar Assn. v. Ryan,* 143 Ohio St.3d 73, 2015-Ohio-2069.]

(No. 2014–1742—Submitted January 14, 2015—Decided June 2, 2015.)

---

**Per Curiam.**

{¶ 1} Respondent, Corinne Noelle Ryan of Gahanna, Ohio, Attorney Registration No. 0066393, was admitted to the practice of law in Ohio in 1996. On June 9, 2014, relator, Columbus Bar Association, charged Ryan with professional misconduct in two separate client matters. Relator alleged that in a child-custody matter, Ryan was difficult to contact and took over two months to file custody papers with the court, even though she represented to the client that the papers had been filed. In addition, relator claimed that in a divorce proceeding, Ryan failed to timely file a qualified domestic-relations order and failed to communicate with the client.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline[1] considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11.[2]

{¶ 3} In the consent-to-discipline agreement, Ryan stipulates to many of the facts alleged in relator's complaint and agrees that her conduct violated Prof. Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client) and 1.4 (requiring a lawyer to reasonably communicate with a client). Relator agrees to dismiss for insufficient evidence the allegations that Ryan violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 4} The parties stipulate that the mitigating factors include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Ryan's cooperative attitude toward the disciplinary proceedings, and evidence of her good character or reputation. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (e).[3] The parties agree that the aggravating factors include a pattern of misconduct and multiple offenses. *See* BCGD Proc.Reg. 10(B)(1)(c) and (d). Based upon

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

2. Effective January 1, 2015, Gov.Bar R. V(16), 140 Ohio St.3d CXXX, governs consent-to-discipline agreements.

3. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

Ryan's stipulated misconduct and these factors, the parties stipulate that the appropriate sanction is a public reprimand.

{¶ 5} The panel and board found that the consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety. The parties cite two cases in which we publicly reprimanded attorneys who engaged in comparable misconduct: *Columbus Bar Assn. v. Bhatt,* 133 Ohio St.3d 131, 2012-Ohio-4230, 976 N.E.2d 870 (publicly reprimanding an attorney for neglecting two client matters, failing to keep clients reasonably informed about their matters, and failing to notify clients that his professional liability insurance had lapsed), and *Akron Bar Assn. v. Freedman,* 128 Ohio St.3d 497, 2011-Ohio-1959, 946 N.E.2d 753 (publicly reprimanding an attorney who failed to timely communicate with a couple who had retained him, failed to keep them reasonably informed about the status of their case, failed to inform them that he did not maintain professional liability insurance, and failed to advise them that if he did not complete the representation, they could be entitled to a refund of part or all of the flat fee they had paid him).

{¶ 6} We agree that Ryan violated Prof.Cond.R. 1.3 and 1.4 and that this conduct warrants a public reprimand. Therefore, we adopt the parties' consent-to-discipline agreement and dismiss the alleged violations of Prof.Cond.R. 1.1 and 8.4(h).

{¶ 7} Accordingly, Corinne Noelle Ryan is hereby publicly reprimanded. Costs are taxed to Ryan.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

———————

Bruce A. Campbell, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel; Janet A. Grubb; and Margaret L. Blackmore, for relator.

Kegler, Brown, Hill & Ritter Co., L.P.A., and Christopher J. Weber, for respondent.