NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4946

DISCIPLINARY COUNSEL *v.* SCHWARTZ.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Schwartz,* Slip Opinion No. 2015-Ohio-4946.]**

*Attorneys at law—Misconduct—Violations of the Rules of Professional Conduct, including failing to keep a client reasonably informed about the status of a matter—Public reprimand.*

(No. 2015-0999—Submitted July 7, 2015—Decided December 3, 2015.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-009.

_____

**Per Curiam**.

{¶ 1} Respondent, Fred Phillip Schwartz of Cleveland Heights, Ohio, Attorney Registration No. 0007494, was admitted to the practice of law in Ohio in 1978.  On February 17, 2015, relator, disciplinary counsel, charged Schwartz with three counts of professional misconduct.  In Count One, relator alleged that prior to

August 2011, Schwartz represented three limited-liability companies as well as one of the owners of the companies, Eli Mann, in cases pending before the Cuyahoga County Court of Common Pleas. On August 19, 2011, JHB Hotel, L.L.C., entered into an agreement to purchase the companies from Mann and the other owners. Schwartz represented Mann in the negotiation of the agreement. Mann subsequently sued JHB Hotel for failing to comply with the terms of the agreement. Counsel for JHB Hotel requested that Schwartz, who was not representing Mann in the JHB Hotel litigation, provide the case files relating to Schwartz's previous representation of the companies, including the files for eight specific matters, so that JHB Hotel could defend itself against the charges filed by Mann. Despite several requests for the files, Schwartz did not provide them to JHB Hotel.

**{¶ 2}** In Count Two, relator alleged that following the execution of the purchase agreement by JHB Hotel, Schwartz continued to represent the limited-liability companies, as well as Mann, in a lawsuit filed by a law firm. While under the terms of the purchase agreement Mann was permitted to continue to attempt to negotiate a resolution of the dispute on behalf of the companies, Schwartz did not obtain the informed consent of JHB Hotel prior to continuing his representation of the companies.

**{¶ 3}** In Count Three, relator alleged that following the execution of the purchase agreement, without the knowledge of or authority from JHB Hotel, Schwartz entered an appearance on behalf of the companies in a case that arose out of a dispute regarding a consulting agreement. Schwartz filed pleadings on behalf of the companies as well as an appeal. However, at the direction of Mann, Schwartz did not file an appellate brief. Schwartz did not advise or communicate with JHB Hotel about the litigation, the judgment awarded against the companies, or the appellate court's decision to dismiss the appeal for failure to file an appellate brief.

**{¶ 4}** A panel of the Board of Professional Conduct considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

{¶ 5} In the consent-to-discipline agreement, Schwartz stipulates to the facts alleged in relator's complaint and agrees that his conduct violated Prof.Cond.R. 1.16(d) (requiring a lawyer to promptly deliver papers and property to the client when withdrawing from representation) with respect to Count One, 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter) and 1.7(a)(2) (providing that a lawyer's continued representation of a client creates a conflict of interest if there is a substantial risk that the lawyer's ability to represent the client will be materially limited by the lawyer's responsibilities to another client) with respect to Count Two, and 1.1 (requiring a lawyer to provide competent representation to a client) and 1.4(a)(3) with respect to Count Three.  The parties agree to the dismissal of the alleged violation of Prof.Cond.R. 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) with respect to Count One, 1.1 (requiring a lawyer to provide competent representation to a client) and 8.4(d) with respect to Count Two, and 8.4(d) with respect to Count Three.

{¶ 6} The parties stipulate that the mitigating factors include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Schwartz's acknowledgement that his actions were improper, his full and free disclosure to the board and his cooperative attitude toward proceedings, and his good character and reputation.  *See* Gov.Bar R. V(13)(C)(1), (2), (4), and (5).  The parties agree that the fact that there were multiple offenses is an aggravating factor.  *See* Gov.Bar R. V(13)(B)(4).  Based upon Schwartz's stipulated misconduct and these factors, the parties stipulate that the appropriate sanction for Schwartz's misconduct is a public reprimand.

{¶ 7} The panel and the board found that the consent-to-discipline agreement conforms to Gov.Bar R. V(16) and recommend that we adopt the

agreement in its entirety. In support of this recommendation, the parties referred to *Columbus Bar Assn. v. Mangan*, 123 Ohio St.3d 250, 2009-Ohio-5287, 915 N.E.2d 651 (a public reprimand was the appropriate sanction for an attorney who represented multiple clients with conflicting interests), *Disciplinary Counsel v. Ita*, 117 Ohio St.3d 477, 2008-Ohio-1508, 884 N.E.2d 1073 (a public reprimand was the appropriate sanction for an attorney who filed a loss-of-consortium claim on behalf of his client's wife even though the attorney never communicated with the wife or inquired about her status), *Butler Cty. Bar Assn. v. McGee*, 142 Ohio St.3d 111, 2015-Ohio-973, 28 N.E.3d 99 (a public reprimand was the appropriate sanction for an attorney who neglected a client's case, failed to reasonably communicate with the client, and voluntarily dismissed the case without the client's knowledge), and *Columbus Bar Assn. v. Smith,* 143 Ohio St.3d 436, 2015-Ohio-2000, 39 N.E.3d 488 (a public reprimand was the appropriate sanction for an attorney who failed to keep two brothers informed about the status of their respective habeas corpus cases).

{¶ 8} We agree that Schwartz violated Prof.Cond.R. 1.16(d), 1.4(a)(3), 1.7(a)(2), and 1.1 and, as stated in the parties' agreement and as indicated by the cited precedent, that this conduct warrants a public reprimand. Therefore, we adopt the parties' consent-to-discipline agreement, including the agreed dismissal of certain alleged violations.

{¶ 9} Accordingly, Fred Phillip Schwartz is hereby publicly reprimanded. Costs are taxed to Schwartz.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Kegler, Brown, Hill & Ritter Co., L.P.A., Christopher J. Weber, and Geoffrey Stern, for respondent.

_____