**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Medina Cty. Bar Assn. v. Beranek,* **Slip Opinion No. 2016-Ohio-5595.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5595

MEDINA COUNTY BAR ASSOCIATION *v.* BERANEK.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Medina Cty. Bar Assn. v. Beranek,* **Slip Opinion No. 2016-Ohio-5595.]**

*Attorneys—Misconduct—Violation of the Rules of Professional Conduct—Public reprimand.*

(No. 2016-0262—Submitted April 5, 2016—Decided September 1, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-049.

————————————————

**Per Curiam.**

**{¶ 1}** Respondent, Steven Bruce Beranek, formerly of Medina, Ohio, Attorney Registration No. 0066847, was admitted to the practice of law in Ohio in 1996. On August 7, 2015, relator, Medina County Bar Association, charged Beranek with professional misconduct based on his failure to comply as soon as practicable with a client's reasonable requests for information and his failure to

inform that client that he did not maintain professional liability insurance throughout his representation of the client. In his answer, Beranek admitted many of relator's factual allegations and that his conduct violated Prof.Cond.R. 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from a client) and 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional liability insurance) as alleged in the complaint.

{¶ 2} A panel of the board rejected the parties' timely consent-to-discipline agreement because of the pendency of an evaluation of Beranek by the Ohio Lawyers Assistance Program ("OLAP"). The panel considered the matter on the parties' stipulations, which had been supplemented with Beranek's mental-health contract and a brief report from OLAP. Having adopted those stipulations in their entirety, the panel and board recommend that Beranek be publicly reprimanded for his misconduct. We adopt the board's findings of fact and misconduct and publicly reprimand Beranek.

**Misconduct**

{¶ 3} In 2009, Stanley and Janine McAlpin retained Beranek to represent them in a collection effort related to a partnership dispute. In January 2012, he filed suit against several defendants, including two companies in which the McAlpins had an ownership interest. On August 14, 2013—before the McAlpins' matter could be tried—the two defendant companies filed for bankruptcy protection. Beranek represented the McAlpins' interests in the bankruptcy proceedings, but after meeting with them on March 21, 2014, he refused to respond to their numerous attempts to contact him.

{¶ 4} Beranek admits that he was solely responsible for the lack of communication with the McAlpins. The bankruptcy proceedings moved forward in his absence, and the McAlpins received settlement checks from the respective

trustees sometime between August and December 2014. Eventually, the McAlpins noticed that their collection case had been closed.

{¶ 5} During Beranek's representation of the McAlpins, he left the firm in which he had been practicing and became a solo practitioner. He was unable to afford professional liability insurance at that time but did not inform his clients that he had allowed his coverage to lapse. After the McAlpins filed a grievance against him—and nearly five years after he commenced his solo practice—Beranek sent letters to his other clients notifying them that he did not carry malpractice insurance. He did not send one to the McAlpins, however, believing that he was not permitted to contact them while their grievance was pending.

{¶ 6} The parties stipulated and the board found that Beranek failed to comply with the McAlpins' reasonable requests for information and failed to inform them that he did not maintain professional liability insurance in violation of Prof.Cond.R. 1.4(a)(4) and 1.4(c). We adopt the board's findings of fact and misconduct.

### Sanction

{¶ 7} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, relevant aggravating and mitigating factors, and the sanctions imposed in similar cases. *See* Gov.Bar R. V(13)(A).

{¶ 8} The parties stipulated and the board found that the only aggravating factor present is a three-day attorney-registration suspension in November 2011. *See* Gov.Bar R. V(13)(B)(1); *In re Attorney Registration Suspension of Beranek*, 130 Ohio St.3d 1420, 2011-Ohio-5627, 956 N.E.2d 310.

{¶ 9} As mitigating factors, the parties stipulated and the board found that Beranek did not have a dishonest or selfish motive, made full and free disclosure to the board, and demonstrated a cooperative attitude toward the disciplinary proceedings. *See* Gov.Bar R. V(13)(C)(2) and (4). Beranek also reported that he

suffered from depression as a result of a number of factors, including the death of his infant son in April 2011, but the parties acknowledged that this condition did not contribute to his misconduct. *See* Gov.Bar R. V(13)(C)(7). Although he did not seek professional help for his condition until November 2015, he did submit to a psychosocial assessment the following month and was diagnosed with a persistent adjustment disorder with depressed mood. OLAP recommended that he (1) participate in individual counseling and follow his therapist's treatment recommendations, (2) explore traumatic-stress resources available at OSUstar.org, (3) improve management of his medical conditions, diet, sleep, and exercise, (4) enter into a two-year OLAP mental-health contract, and (5) call OLAP twice a week.

{¶ 10} Consistent with these recommendations, Beranek entered into a two-year OLAP contract on December 15, 2015. He reported that his mental-health status has greatly improved and that he is now better able to cope with the death of his son. And since he joined the law firm of Corsaro & Associates in September 2015, he now has a support system of many lawyers and staff members.

{¶ 11} The parties cited two cases in support of their recommendation that Beranek be publicly reprimanded for his misconduct: *Columbus Bar Assn. v. Bhatt*, 133 Ohio St.3d 131, 2012-Ohio-4230, 976 N.E.2d 870 (publicly reprimanding an attorney who neglected the legal matters of two clients, failed to keep his clients reasonably informed about the status of their legal matters, and failed to notify them that his professional liability insurance lapsed for several months during his representation); and *Akron Bar Assn. v. Freedman*, 128 Ohio St.3d 497, 2011-Ohio-1959, 946 N.E.2d 753 (imposing public reprimand on an attorney who failed to reasonably communicate with a husband and wife who were his clients, failed to inform them that he did not maintain professional liability insurance, and failed to advise them that they might be entitled to a refund of all or part of their flat fee). The board also found *Columbus Bar Assn. v. Smith*, 143 Ohio St.3d 436, 2015-

4

Ohio-2000, 39 N.E.3d 488, to be instructive. In that case, we publicly reprimanded an attorney who neglected a client's legal matter, failed to reasonably communicate with the client about the means by which the client's objectives were to be accomplished, failed to comply as soon as practicable with the client's reasonable requests for information, and failed to take reasonably practicable steps to protect the client's interests upon the lawyer's withdrawal from representation. We agree that the misconduct at issue in these cases is comparable to Beranek's misconduct and that a public reprimand is the appropriate sanction in this case.

{¶ 12} Accordingly, Steven Bruce Beranek is publicly reprimanded for his misconduct. Costs are taxed to Beranek.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

————————————

Patricia A. Walker, Bar Counsel, and William E. Steiger II and Melissa J. Piszczek, Assistant Bar Counsel, for relator.

Steven B. Beranek, pro se.

————————————