**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Mickens,* **Slip Opinion No. 2016-Ohio-8022.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8022

DISCIPLINARY COUNSEL *v.* MICKENS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Mickens,* Slip Opinion No. 2016-Ohio-8022.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Public reprimand.*

(No. 2016-0852—Submitted August 17, 2016—Decided December 8, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-051.

_____

**Per Curiam.**

{¶ 1} Respondent, Charles Gary Mickens of Youngstown, Ohio, Attorney Registration No. 0052024, was admitted to the practice of law in Ohio in 1991. In a February 18, 2016 amended complaint, relator, disciplinary counsel, alleged that Mickens violated several professional-conduct rules by neglecting a probate matter,

failing to reasonably communicate with the fiduciary for the probate estate, and failing to advise his clients that he did not carry malpractice insurance.

{¶ 2} The parties submitted stipulations of fact, misconduct, and aggravating and mitigating factors and recommended a sanction, and they agreed to dismiss an allegation that Mickens failed to provide competent representation in the probate matter. The panel of the Board of Professional Conduct appointed to hear the matter granted the parties' joint motion to waive the hearing. Both the panel and board adopted the parties' stipulations and their recommendation that Mickens be publicly reprimanded for his misconduct.

{¶ 3} We adopt the board's findings of fact, misconduct, and aggravating and mitigating factors and agree that a public reprimand is the appropriate sanction for Mickens's misconduct.

### Misconduct

{¶ 4} In September 2011, James Harris ("Harris") hired Mickens to represent him in connection with the probate estate of his brother, Jonathan Harris, which had been opened in the Cuyahoga County Probate Court on July 3, 2002. As a result of Mickens's efforts, the probate court appointed Harris as successor fiduciary of the estate in April 2012. But the court removed him from that post in December 2012 after he failed to file a certificate stating that all persons entitled to notice of the probate of his brother's will had received notice, waived notice, or had not been notified because their names or places of residence were not known and could not be obtained with reasonable diligence, *see* R.C. 2107.19. Mickens successfully moved the court to reinstate Harris as fiduciary, explaining that he had failed to properly complete a request for service by publication. But the court removed Harris as fiduciary once again in April 2013, based on his failure to file a final account of the estate. The court also denied Mickens's May 2013 motion to have Harris reinstated.

2

{¶ 5} Mickens never informed Harris that the final account had not been filed or that Harris had once again been removed from his role as fiduciary of the estate. Instead, Harris learned of his removal in September 2014, when he looked at the case docket and discovered that the court had appointed a successor fiduciary.

{¶ 6} In his will, Jonathan Harris had bequeathed certain real property to his four surviving daughters. But Mickens did not file the required certificate of transfer in the Trumbull County Recorder's Office to effectuate the bequest, nor did he notify his client of his failure. As a result of his failure and an existing tax foreclosure order against the real property, the land was transferred to the Trumbull County Land Reutilization Corporation in October 2014. Mickens did not inform Harris of this event, which Harris discovered when he examined the case docket in November 2014.

{¶ 7} In addition, Mickens did not carry professional liability insurance during his entire 24 years of legal practice and failed to provide his clients with written notice of that fact as required by Prof.Cond.R. 1.4(c).

{¶ 8} On these facts, the parties stipulated and the board found that Mickens violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), and 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional liability insurance and obtain a signed acknowledgment of that notice from the client).

{¶ 9} We adopt the parties' stipulations and the board's findings of fact and misconduct.

**Sanction**

{¶ 10} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, relevant aggravating and mitigating factors, and the sanctions imposed in similar cases. *See* Gov.Bar R. V(13)(A).

**{¶ 11}** The board recommends that we publicly reprimand Mickens for his misconduct. In support of this recommendation, the board discussed three cases in which we publicly reprimanded attorneys under similar facts. First, in *Columbus Bar Assn. v. Ryan*, 143 Ohio St.3d 73, 2015-Ohio-2069, 34 N.E.3d 120, we publicly reprimanded an attorney who neglected two client matters by failing to timely file documents on behalf of her clients and failing to reasonably communicate with those clients. The only aggravating factors present were a pattern of misconduct and multiple offenses. *Id.* at ¶ 4. In contrast, mitigating factors included the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Ryan's cooperative attitude toward the disciplinary proceedings, and evidence of her good character and reputation. *Id.*

**{¶ 12}** Similarly, in *Akron Bar Assn. v. Freedman*, 128 Ohio St.3d 497, 2011-Ohio-1959, 946 N.E.2d 753, we publicly reprimanded an attorney who failed to pursue a bankruptcy on behalf of a married couple who had retained him, failed to reasonably communicate with those clients about their legal matters, failed to advise them in writing or otherwise that they might be entitled to part or all of their $3,500 flat fee if he did not complete the representation, and failed to advise them that he did not carry professional liability insurance. No aggravating factors were present, and mitigating factors included nearly 30 years of practice with no prior discipline, the absence of a dishonest or selfish motive, Freedman's acknowledgement of his errors and willingness to apologize to his clients for his misconduct, his full and free disclosure to the board, and evidence of his good character and reputation. *Id.* at ¶ 8.

**{¶ 13}** Lastly, in *Cuyahoga Cty. Bar Assn. v. Johnson*, 123 Ohio St.3d 65, 2009-Ohio-4178, 914 N.E.2d 180, we publicly reprimanded an attorney who not only failed to respond to an opposing party's discovery requests and a motion for summary judgment but also failed to appear for a final pretrial hearing and failed to inform the affected client that she did not carry professional liability insurance.

The sole aggravating factor was that Johnson had neglected a series of responsibilities toward her client. *Id.* at ¶ 12. But mitigating factors included the absence of a prior disciplinary record, Johnson's cooperation in the disciplinary proceedings, her admission of and apology for her ethical breaches, and her deep remorse for the consequences to her client. *Id.* at ¶ 11.

**{¶ 14}** Mickens's misconduct—his failure to take required actions on behalf of his client, failure to keep his client apprised about significant developments in the client's legal matter, and failure to inform his client that he did not carry professional liability insurance—is similar to the misconduct committed in *Ryan*, *Freedman*, and *Johnson*. The aggravating and mitigating factors present in this case are also comparable to those present in the cases cited by the board. The parties stipulated and the board found that just one aggravating factor is present here—that Mickens committed multiple offenses. *See* Gov.Bar R. V(13)(B)(4). Mitigating factors include the absence of a prior disciplinary record, the absence of a selfish or dishonest motive, Mickens's full and free disclosure to the board and cooperative attitude in the disciplinary proceedings, and evidence of his good character and reputation apart from the charged misconduct. *See* Gov.Bar R. V(13)(C)(1), (2), (4), and (5). The board also noted that the transfer of the decedent's land to the Trumbull County Land Reutilization Corporation may have been inevitable because the successor fiduciary appointed after Harris's removal was unable to locate any of the estate's beneficiaries and taxes continued to accrue. But the board concluded that those circumstances did not excuse Mickens's failure to file a certificate of transfer or his failure to keep Harris apprised of significant developments in the case.

**{¶ 15}** Having considered Mickens's misconduct, the applicable aggravating and mitigating factors, and the sanctions imposed for comparable misconduct, we agree that a public reprimand will adequately protect the public from future harm.

**{¶ 16}** Accordingly, Charles Gary Mickens is publicly reprimanded for the conduct described herein. Costs are taxed to Mickens.

Judgment accordingly.

PFEIFER, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and O'DONNELL, J., dissent and would remand the cause to the Board of Professional Conduct to consider increasing the severity of the sanction imposed upon the respondent.

_____

Scott J. Drexel, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Charles Gary Mickens, pro se.

_____