[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Hale,* Slip Opinion No. 2014-Ohio-5053.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-5053

DISCIPLINARY COUNSEL *v.* HALE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Hale,* Slip Opinion No. 2014-Ohio-5053.]**

*Attorneys at law—Misconduct—Violations of the Rules of Professional Conduct and the Judicial Conduct Rules—A judge is required to respect and comply with the law and act in a manner that promotes public confidence in the integrity and impartiality of the judiciary—An attorney is prohibited from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Six-month suspension.*

(No. 2013-1622—Submitted September 23, 2014—Decided November 18, 2014.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 2013-032.

_____

**O'NEILL, J.**

{¶ 1}  Respondent, Harland Hanna Hale of Columbus, Ohio, Attorney Registration No. 023464, was admitted to the Ohio bar in 1979.

{¶ 2}  In April 2013, relator, disciplinary counsel, submitted a complaint to the Board of Commissioners on Grievances and Discipline.  That complaint alleged that while serving as judge in the Environmental Division of the Franklin County Municipal Court, Hale committed multiple ethical violations when he dismissed a speeding ticket issued to his personal attorney without the prosecutor's involvement and when he subsequently vacated the dismissal entry. The board certified the complaint, and the secretary of the board appointed a three-member panel to hear the case.

{¶ 3}  Hale resigned from the bench on May 24, 2013.

{¶ 4}  In September 2013, the parties entered into a consent-to-discipline agreement setting forth stipulations of fact and rule violations and an agreed sanction of a six-month suspension from the practice of law.  The board adopted the consent-to-discipline agreement, but we rejected it and remanded this matter to the board for further proceedings, including the consideration of a harsher sanction.  137 Ohio St.3d 1406, 2013-Ohio-5038, 997 N.E.2d 550.

{¶ 5}  On remand, the parties submitted stipulations of fact, misconduct, and aggravating and mitigating factors identical to those contained in their consent-to-discipline agreement.  They also submitted six stipulated exhibits and a joint brief in which they once again urged the panel to recommend a six-month suspension for Hale's misconduct.

{¶ 6}  Hale was the only witness to testify at the March 3, 2014 panel hearing.  On May 19, 2014, he moved the panel for leave to correct his testimony at that hearing.  The panel issued a report adopting the parties' stipulations of fact and misconduct.  Despite finding that Hale gave false and misleading testimony at

the hearing, the panel once again adopted the parties' stipulated sanction of a six-month suspension from the practice of law.

{¶ 7} The board adopted the panel's findings of fact and misconduct. However, the board also issued a separate entry unanimously dismissing an alleged violation of Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) that had been stipulated by the parties and found by the panel. The board then adopted the panel's recommended sanction of a six-month suspension.

{¶ 8} Relator objects to the board's dismissal of the alleged violation of Prof.Cond.R. 8.4(h) and to the board's recommendation that we adopt the parties' stipulated sanction.

{¶ 9} We adopt the board's findings of fact and conclusions of law, but we also find that Hale has violated Prof.Cond.R. 8.4(h). And having carefully considered Hale's conduct, including his false testimony at the panel hearing, the applicable aggravating and mitigating factors, and the sanctions we have imposed for comparable misconduct, we suspend Hale from the practice of law for six months.

**Misconduct**

{¶ 10} As the only judge in the Environmental Division of the Franklin County Municipal Court, Hale's jurisdiction was not limited solely to environmental matters. Like all Franklin County Municipal Court judges, he served in rotation as a duty judge, handling criminal arraignments, traffic violations, and other routine judicial matters.

{¶ 11} In late 2011, attorney Patrick Quinn was representing Hale in a civil suit in the Franklin County Court of Common Pleas and the United States District Court for the Southern District of Ohio. Hale was aware of that representation.

**{¶ 12}** On November 21, 2011, an Ohio State Highway Patrol trooper issued a speeding ticket to Quinn. Quinn failed to appear at his arraignment, which was scheduled for 9:00 a.m. on December 8, 2011, and a warrant was issued for his arrest. Having apparently realized his error, Quinn telephoned Hale, who was serving as the duty judge, and asked Hale to arrange for him to be arraigned in absentia.

**{¶ 13}** Hale testified that he instructed Quinn to get the court's case file and bring it to him. When Hale came to the file in the stack of contested matters awaiting his review on December 12, 2011, he falsely completed a judgment entry form to state "Prosecutor dismisses: Count 1, Section 4511.21," and imposed no fines or costs. In his stipulations, and again at the panel hearing, Hale admitted that he signed that judgment entry without any input or consent from the prosecutor. He testified, "I did that. No one asked me to do it." When questioned, "And so on your own volition you dismissed it, knowing it was Pat Quinn from the law firm representing you?" he answered, "Yes. It was an error in judgment, and I regret it. Trust me, I regret it. I've had so many sleepless nights over this, your Honor, that even you and I couldn't count them both."

**{¶ 14}** Approximately four months after Hale dismissed Quinn's traffic matter, the city's chief prosecutor, Lara Baker, received a media inquiry regarding Hale's disposition of the case and began to investigate the matter.

**{¶ 15}** On April 10, 2012, Hale engaged in an ex parte communication by leaving a voicemail message for Baker and sending an e-mail to Quinn, asking them both to sign an entry that he had prepared to vacate the December 2011 dismissal of Quinn's case and schedule an arraignment. In that entry, Hale stated only that it was improper for him to have handled the matter and that the city prosecutor's office had agreed to the entry. Quinn signed the entry, but Baker refused. Consequently, Hale prepared a separate judgment entry to vacate the

dismissal and recuse himself from Quinn's case. Quinn ultimately pleaded guilty to the charged offense and paid $55 in fines and $116 in court costs.

{¶ 16} Before the panel, Hale testified that after he resigned his judicial position, he did not act as an attorney on any legal matters until "late November, early December" 2013. But on May 19, 2014—more than two months after the hearing—he moved the panel to correct his testimony and supplement the record. In an affidavit submitted with his motion, Hale averred that he had represented five separate clients in legal matters pending before Franklin County courts before the "late November, early December" timeframe identified in his testimony. He claimed that he did not recall those matters when he testified, but that they were brought to his attention sometime after the panel hearing.

{¶ 17} The panel found that clear and convincing evidence supported the parties' stipulations that Hale's conduct violated Jud.Cond.R. 1.2 (requiring a judge to respect and comply with the law and to act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary), 1.3 (prohibiting a judge from abusing the prestige of judicial office to advance the personal or economic interests of the judge or others), 2.2 (requiring a judge to uphold and apply the law and to perform all duties of judicial office fairly and impartially), 2.9 (prohibiting a judge from initiating, receiving, permitting, or considering ex parte communications) and Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 18} The board adopted the panel's findings of fact and misconduct with one exception: the board voted unanimously to dismiss the alleged and stipulated violation of Prof.Cond.R. 8.4(h), having concluded that Hale's conduct

was not so egregious as to warrant an additional finding that his conduct adversely reflected upon his fitness to practice law. *See Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, ¶ 21. The board issued an entry on June 9, 2014, stating that it unanimously dismissed that alleged violation and directing the secretary of the board to so notify the parties and entities entitled to notice of the dismissal pursuant to Gov.Bar R. V(6)(G).

{¶ 19} Relator objects to the board's dismissal, arguing that (1) Hale's conduct is sufficiently egregious to warrant the additional finding that his conduct adversely reflects on his fitness to practice law, (2) the parties stipulated—after this court had decided *Bricker*—that Hale's conduct warranted such a finding, and (3) Gov.Bar R. V(6) authorizes the full board to dismiss a complaint but not a charge or count of a complaint

{¶ 20} Initially, Hale took no position on relator's objection to the board's dismissal of the alleged violation of Prof.Cond.R. 8.4(h), noting that he had stipulated that his conduct adversely reflected on his fitness to practice law. But at oral argument, his counsel questioned whether this court has jurisdiction to consider the alleged violation because the board had issued a separate entry dismissing it and directed the board secretary to provide notice to the entities listed in Gov.Bar R. V(6)(G). On rebuttal, relator challenged that assertion, arguing that Gov.Bar R. V(6)(J) grants the board the authority only to dismiss an entire complaint.

{¶ 21} Gov.Bar R. V(6)(G) provides that when a unanimous hearing panel finds that the evidence is insufficient to support a charge or count of misconduct, "the panel may order that the *complaint or count* be dismissed" without referring it to the board or this court. (Emphasis added.) To effectuate such a dismissal, however, the panel chair must give written notice of the action to the board, the respondent, all counsel of record, disciplinary counsel, the certified grievance committee for the local bar association of the county or counties in which the

respondent resides and maintains his or her office and the county from which the complaint arose, and the Ohio State Bar Association. *Id.*

**{¶ 22}** A unanimous dismissal by the panel precludes further review of the dismissal by either the board or this court. *See, e.g., Cuyahoga Cty. Bar Assn. v. Marosan*, 109 Ohio St.3d 439, 2006-Ohio-2816, 848 N.E.2d 837, ¶ 13 (declining relator's request that the court review the panel's unanimous dismissal of a count for lack of sufficient evidence); *Columbus Bar Assn. v. Dougherty*, 105 Ohio St.3d 307, 2005-Ohio-1825, 825 N.E.2d 1094, ¶ 9 (unanimous dismissal of a count by the panel precludes further review of the dismissal either by the board or this court). If, however, a hearing panel merely states its intention to dismiss an alleged rule violation in the certified report of the proceedings, findings of fact, conclusions of law, and recommendations that it submits to the board pursuant to Gov.Bar R. V(6)(I), without ordering dismissal or providing the notices required by Gov.Bar R. V(6)(G), we have treated the purported dismissal as a recommendation that the alleged violation be dismissed and have considered any objections raised to that recommendation. *See, e.g., Disciplinary Counsel v. Doellman*, 127 Ohio St.3d 411, 2010-Ohio-5990, 940 N.E.2d 928, ¶ 31-33; *Toledo Bar Assn. v. Harvey*, __ Ohio St.3d __, 2014-Ohio-3675, __ N.E.3d__, ¶ 10, fn. 1; *Cleveland Metro. Bar Assn. v. Lemieux*, 139 Ohio St.3d 320, 2014-Ohio-2127, 11 N.E.3d 320, ¶ 5, fn. 2; and *Akron Bar Assn. v. Binger*, 139 Ohio St.3d 186, 2014-Ohio-2114, 10 N.E.3d 710, ¶ 5, fn. 2.[1]

---

[1] At the time that these cases were decided, Gov.Bar R. V(6)(G) through (L) governed the authority of the panel and board and set forth the requisite procedures for the disposal of disciplinary proceedings from the hearing through the submission of the board's certified report to this court. *See* Gov.Bar R. V(6)(G) through (L), 64 Ohio St.3d XCVIII-XCIX (1992). On May 22, 2012, we adopted amendments to Gov.Bar R. V(6) that changed the letter designations for the relevant subsections, but left their content unchanged. *See* Gov.Bar R. V(6)(F) through (K), 132 Ohio St.3d xiv-xv (June 18, 2012 Ohio Official Reports Advance Sheet). Thus, the cites in those cases do not necessarily correspond to the cites used in this opinion. The content of these provisions, however, remains the same.

**{¶ 23}** In *Doellman* we stated, "When the panel recommends dismissal, the board may dismiss the count by reporting the dismissal to the secretary of the board, who shall notify the same persons and organizations that would have received notice if the complaint had been dismissed by the hearing panel. Gov.Bar R. V(6)(K) [64 Ohio St.3d XCVIII]." *Id*. at ¶ 32. Because the panel had only *recommended* that certain violations be dismissed, and neither the panel nor the board had provided the requisite notices to effectuate the dismissal (which are now set forth in Gov.Bar R. V(6)(J)), we considered relator's objections to the recommended dismissals. *Doellman* at ¶ 33.

**{¶ 24}** We now note that Gov.Bar R. V(6)(J), which governs review of a disciplinary matter by the full board, provides: "After the final review, the Board may *dismiss the complaint* or find that the respondent is guilty of misconduct." (Emphasis added.) Thus, while a unanimous hearing panel may dismiss an entire complaint or individual counts of the complaint based on the insufficiency of the evidence, the plain language of Gov.Bar R. V(6)(J) permits the full board only to effectuate the dismissal of the entire complaint. *Id.* Consequently, we find that the board's June 9, 2014 entry does not insulate the board's decision from further review by this court in the same manner that a unanimous dismissal by a hearing panel would. Although we may defer to such an action by the board in some circumstances, we cannot do so when a party has timely objected to it. Therefore, we address relator's objection to the board's dismissal of Prof.Cond.R. 8.4(h).

**{¶ 25}** In *Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, ¶ 21, we held that before we will find a violation of the catchall provision of Prof.Cond.R. 8.4(h), there must be clear and convincing evidence either that the lawyer has engaged in misconduct that, while not specifically prohibited by the rules, nonetheless adversely reflects on the lawyer's fitness to practice law or that the conduct giving rise to a specific rule violation is

so egregious as to warrant an additional finding that it adversely reflects on the lawyer's fitness to practice law.

{¶ 26} Here, relator contends that Hale's conduct warrants a finding that he violated Prof.Cond.R. 8.4(h) because, while Hale was enmeshed in a civil lawsuit, he set out to dispose of his personal attorney's speeding ticket without the prosecutor's involvement. Not only did he engage in an ex parte communication with the Ohio State Highway Patrol's liaison officer, who reportedly consented to a reduction of Quinn's offense to a no-point speed violation, he went one step further and unilaterally dismissed the ticket with a journal entry that falsely stated that the dismissal was at the prosecutor's request. Once the media discovered the dismissal, Hale created a second false entry to conceal his misdeeds and engaged in additional ex parte communications seeking the defendant's and the prosecutor's cooperation in vacating his dismissal entry. Then, when the prosecutor refused to sign the proposed entry, Hale vacated the falsified dismissal entry, set the matter for hearing, and recused himself from the case. Relator suggests that, but for a reporter's curiosity, Hale's conduct likely would have gone undetected. Moreover, relator argues that by Hale's own admission, his conduct was sufficiently egregious to warrant a finding that it adversely reflected on his fitness to practice law.

{¶ 27} Given the seriousness of Hale's initial misconduct—which called into question the independence, integrity, and impartiality of the entire judiciary—his efforts to cover his tracks with additional misconduct rather than accept responsibility for his conduct, and his own admission that his conduct warrants a finding that he violated Prof.Cond.R. 8.4(h), we sustain relator's objection. Having reviewed the entire record in this case, we adopt the board's findings that Hale's conduct violated Jud.Cond.R. 1.2, 1.3, 2.2, and 2.9 and Prof.Cond.R. 8.4(c) and 8.4(d), and we also find that his conduct violated Prof.Cond.R. 8.4(h).

**Sanction**

{¶ 28} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions we have imposed for comparable misconduct. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 29} The parties stipulated to just one aggravating factor—that Hale acted with a dishonest or selfish motive. *See* BCGD Proc.Reg. 10(B)(1)(b). The board adopted that finding but also found that Hale gave false and misleading testimony about his practice of law in the months following his resignation from the bench. *See* BCGD Proc.Reg. 10(B)(1)(f).

{¶ 30} As mitigating factors, the parties stipulated and the board found that Hale (1) has no prior disciplinary record, (2) made a full and free disclosure of his actions and demonstrated a cooperative attitude toward the disciplinary proceedings, (3) has a reputation for significant involvement in the community and for his commitment to the judicial system and the citizens he served, and (4) having acknowledged that his conduct was not appropriate, resigned from his position as a judge of the Franklin County Municipal Court effective May 24, 2013. *See* BCGD Proc.Reg. 10(B)(2)(a), (d), (e), and (f).

{¶ 31} Although we rejected the parties' consent-to-discipline agreement and remanded this case for consideration of a harsher sanction, the parties have once again stipulated that a six-month suspension from the practice of law is the appropriate sanction for Hale's misconduct. In support of that sanction, they submitted a joint brief addressing the sanctions imposed by this court and courts of other jurisdictions in ticket-fixing cases.

**{¶ 32}** The board, however, focused on the sanctions we imposed in six separate cases that address the various types of misconduct present in this case.

**{¶ 33}** In *Disciplinary Counsel v. Smakula*, 39 Ohio St.3d 143, 144-145, 529 N.E.2d 1376 (1988), we imposed a one-year suspension for an assistant prosecuting attorney who had been convicted of three misdemeanors for his role in a ticket-fixing scheme that was orchestrated by a common pleas court bailiff. While Hale's misconduct involved fixing a single traffic ticket and attempting to cover up that misdeed, *Smakula* involved a scheme to fix multiple traffic-related charges over a period of time, possibly for profit. *Id.* at 144.

**{¶ 34}** The board observed that on at least two occasions, we have imposed fully stayed suspensions for sitting judges or magistrates who engaged in a pattern of misconduct or multiple incidents of misconduct in violation of Jud.Cond.R. 1.2 and 2.2, among other rules. *See Disciplinary Counsel v. Elum*, 133 Ohio St.3d 500, 2012-Ohio-4700, 979 N.E.2d 289 (imposing a six-month stayed suspension for a judge who berated a probationer during a "probation review" at which neither the probationer's attorney nor the prosecutor was present and also injected himself into an internal police-department investigation); *Disciplinary Counsel v. McCormack*, 133 Ohio St.3d 192, 2012-Ohio-4309, 977 N.E.2d 598 (imposing a one-year stayed suspension for a magistrate who conducted himself in an impatient, undignified, and discourteous manner over a one and a half year period in a single postdecree domestic-relations case and left the record in such a poor state that the presiding judge had to declare a mistrial).

**{¶ 35}** And in *Disciplinary Counsel v. Plough*, 126 Ohio St.3d 167, 2010-Ohio-3298, 931 N.E.2d 575, we imposed a one-year suspension with six months stayed for a judge who violated multiple canons of the former Code of Judicial Conduct by (1) failing to either maintain or provide a complete record in three separate proceedings in his court, (2) waiting almost three months to comply with an appellate court remand ordering him to vacate an appellant's conviction for

operating a vehicle under the influence of alcohol, and (3) engaging in ex parte communications with a prosecutor regarding the judge's opposition to an assistant prosecutor's plea agreement that reduced a pending third-degree felony to a misdemeanor.

{¶ 36} The board also considered two recent cases in which we disciplined public officials—other than judges—who had committed misconduct that violated the public trust. In *Disciplinary Counsel v. Dann*, 134 Ohio St.3d 68, 2012-Ohio-5337, 979 N.E.2d 1263, we imposed a six-month suspension for former Ohio Attorney General Marc Dann, who had solicited improper compensation and filed false financial disclosures. In addition to the sanction we imposed for his professional misconduct, Dann was convicted of two first-degree misdemeanors, he resigned from his elected office, and he was disqualified from holding public office for seven years. And in *Disciplinary Counsel v. Engel*, 132 Ohio St.3d 105, 2012-Ohio-2168, 969 N.E.2d 1178, we imposed a six-month suspension for an attorney who, while serving as chief legal counsel for the Ohio Department of Public Safety, initiated and maintained an e-mail filter for almost one year that intercepted confidential communications about pending civil and criminal investigations conducted by the Ohio Inspector General in conjunction with other law-enforcement agencies. *Id.* at ¶ 4-6.

{¶ 37} The board found that while Hale's conduct and motivation were obviously dishonest, he engaged in a single incident of misconduct and, therefore, his conduct was less egregious than the multiple instances or patterns of misconduct at issue in *Smakula*, *Elum*, *McCormack*, *Plough*, *Dann*, and *Engle*. The board credited Hale for his voluntary resignation from his judicial office, the absence of a prior disciplinary record, his full and free disclosure of his conduct, and his cooperation in the disciplinary process. And while recognizing that Hale gave false and misleading testimony at his disciplinary hearing regarding his legal work after he had resigned, the board nonetheless found that the parties'

stipulated sanction of a six-month actual suspension was "well in line with the Court's previous cases related to judicial misconduct of this nature."

{¶ 38} Relator objects to the board's recommended sanction and contends that a greater sanction is warranted because Hale falsely testified that he resumed the practice of law in November or December 2013, when, in fact, he had appeared and represented at least five clients from mid-June through late October 2013, including in the very court from which he had resigned in May 2013. Relator speculates that Hale's deception was "a calculated, strategic decision" to ensure that this court would not impose a greater sanction for his admitted misconduct based on the false impression that he had already imposed an additional six-month suspension from the practice of law on himself.

{¶ 39} There can be no doubt that Hale's underlying misconduct in unilaterally dismissing his personal attorney's speeding ticket with a false journal entry and his effort to cover up that misconduct are serious violations of his ethical duties as both an attorney and a judge. We, likewise, acknowledge that false testimony from a member of the Ohio bar is unacceptable under any circumstances—but that it is particularly perverse when it occurs in the course of a disciplinary proceeding. Despite the addition of this aggravating factor after we had rejected the parties' consent-to-discipline agreement and remanded this matter for consideration of a harsher sanction, we now conclude that the six-month sanction initially recommended by the parties is the appropriate sanction for his misconduct. In reaching this conclusion, we emphasize that (1) Hale practiced law for approximately 30 years without incident, (2) his misconduct was limited to a single case to which he had a personal connection, (3) justice was ultimately served in that matter, (4) in contrast to the facts of *Plough*, no litigants suffered permanent harm as a result of Hale's misconduct, and (5) Hale acknowledged that his actions were not appropriate and voluntarily resigned from the bench within one month of relator's complaint being certified to the board.

**{¶ 40}** Accordingly, Harland Hanna Hale is suspended from the practice of law in Ohio for six months. Costs are taxed to Hale.

Judgment accordingly.

PFEIFER, O'DONNELL, KENNEDY, and FRENCH, JJ., concur.

O'CONNOR, C.J. and LANZINGER, J., dissent and would impose a one-year suspension.

_____

Scott J. Drexel, Disciplinary Counsel, Joseph M. Caligiuri, Chief Assistant Disciplinary Counsel, and Audrey E. Varwig, Assistant Disciplinary Counsel, for relator.

George D. Jonson, for respondent.

_____