**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cincinnati Bar Assn. v. Fernandez,* **Slip Opinion No. 2016-Ohio-5586.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5586

CINCINNATI BAR ASSOCIATION *v.* FERNANDEZ.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cincinnati Bar Assn. v. Fernandez,* Slip Opinion No. 2016-Ohio-5586.]**

*Attorneys—Misconduct—Failing to reasonably consult with a client—Failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions—Public reprimand.*

(No. 2015-2001—Submitted March 9, 2016—Decided September 1, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-039.

_____

**Per Curiam**.

{¶ 1} Respondent, Justin Enrique Fernandez of Cincinnati, Ohio, Attorney Registration No. 0062974, was admitted to the practice of law in Ohio in 1994. In a September 23, 2015 amended complaint, relator, Cincinnati Bar Association, charged Fernandez with professional misconduct arising from his alleged neglect

of a client's legal matter and use of an out-of-state company to provide paralegal and paraprofessional services to his practice.

{¶ 2} The parties entered into stipulations of fact, and a panel of the Board of Professional Conduct heard testimony from Fernandez and one additional witness. The panel found that Fernandez failed to reasonably consult with his client about how he planned to achieve the client's objectives and that he deprived the client of information necessary to make informed decisions about the representation. The panel recommended that Fernandez be publicly reprimanded for this misconduct, and the board adopted the panel's report in its entirety.

{¶ 3} Relator objects to the panel's dismissal of four additional alleged violations, most of which focused on Fernandez's relationship with an out-of-state company that provided paralegal and paraprofessional services to his firm. For the reasons that follow, we overrule relator's objections, adopt the findings and conclusions of the board, and publicly reprimand Justin Enrique Fernandez for his misconduct in this matter.

## Misconduct

{¶ 4} At all times relevant to this proceeding, Fernandez had a business relationship with Morgan Drexen, Inc., a California company that described itself as providing integrated support systems to attorneys with a focus on back-office paralegal and paraprofessional services. Morgan Drexen also assisted Fernandez with what it classified as "non-formal debt resolution."

{¶ 5} In February 2014, Fernandez undertook the representation of Madelyn Harvey in the settlement of her outstanding debts. At the beginning of the representation, Harvey received a packet of materials from Morgan Drexen titled, "Non-Formal Debt Resolution Instructions," that included a letter on Fernandez's letterhead over his signature. Although the letterhead bore Fernandez's former home address and telephone number in Cincinnati, it also

2

included Morgan Drexen's telephone number and directed Harvey to reply to Morgan Drexen's address in Costa Mesa, California.

{¶ 6} Harvey signed the attorney-client fee agreement that Morgan Drexen had provided. That agreement contained a text box stating, "Debt Resolution is an alternative to Bankruptcy which does not include the filing of any bankruptcy petition in a Bankruptcy Court and does not provide the same protections set forth in the Bankruptcy Code." It also provided that Harvey would be required to arbitrate any claims she might have against Fernandez or Morgan Drexen, even though Morgan Drexen was not a party to the agreement. Although Harvey also completed a disclosure statement that stated, "I/We understand the difference between secured and unsecured debts," only the Morgan Drexen support staff communicated with her to ensure that she actually understood the difference between the two types of debt.

{¶ 7} After Harvey returned the paperwork, Morgan Drexen sent letters to her creditors on Fernandez's letterhead over his electronic signature. The letters advised Harvey's creditors that she was represented with respect to the attempted negotiation and resolution of her unsecured debts and suggested that she might petition for bankruptcy, though Fernandez was unaware whether any bankruptcy petition had been prepared on Harvey's behalf. The letters also instructed Harvey's creditors to direct all communications to "Justin Fernandez Attorney at Law; c/o MORGAN DREXEN: Integrated Legal Systems; 675 Anton Blvd.; Costa Mesa, CA 92626," and provided the 800 number for Morgan Drexen's Costa Mesa, California office.

{¶ 8} During the first several months of the representation, Harvey communicated only with Morgan Drexen. Her first direct communication with Fernandez occurred when she sought to terminate his representation and obtain a refund of the fees she had paid. After Harvey sought help from a consumer-protection hotline, Fernandez contacted her and offered to refund 90 percent of the

fees she had paid. On July 7, 2014, a legal assistant at Morgan Drexen sent Harvey a letter on the company's letterhead and enclosed a check for $1,342.80—90 percent of the $1,492 fee that Harvey had paid—from Howard Law, P.C., which shared an address with Morgan Drexen.[1]

{¶ 9} Fernandez never met with Harvey in person. He had visited Morgan Drexen's California office just three times, and none of those visits occurred while he represented Harvey. And while Fernandez had approved many of the form documents Morgan Drexen used, he had not seen the actual letters sent to Harvey's creditors under his signature. A log from Morgan Drexen shows that its employees had contact with and received settlement offers from Harvey's creditors, but Fernandez testified that creditor settlement offers were not communicated to his clients in real time. Instead, the clients were instructed to regularly deposit funds into a trust account, and when enough money accumulated, Fernandez would work to settle a claim. Fernandez admitted that he performed no billable work on Harvey's case in the four months he represented her and that he never informed her of the settlement offers because there was no money in her account to pay her creditors. He also claimed that Harvey became unhappy too soon.

{¶ 10} The panel found that Fernandez's conduct violated Prof.Cond.R. 1.4(a)(2) (requiring a lawyer to reasonably consult with the client about the means by which the client's objectives are to be accomplished) and 1.4(b) (requiring a lawyer to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation).

{¶ 11} The panel also found that relator had failed to prove an alleged violation of Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client) by clear and convincing evidence and unanimously dismissed it. And despite having made some additional findings of fact regarding

---

[1] Fernandez testified that the remainder of Harvey's payment was retained by Howard Law for preparation of a bankruptcy petition.

Fernandez's relationship with Morgan Drexen, the panel also unanimously dismissed alleged violations of Prof.Cond.R. 2.1 (requiring a lawyer to exercise independent judgment and render candid advice while representing the lawyer's clients), 5.3(b) (requiring a lawyer to make reasonable efforts to ensure that a nonlawyer employee's conduct is compatible with the professional obligations of the lawyer), and 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction or assisting another in doing so).

**{¶ 12}** The board adopted the findings of fact and conclusions of law of the panel. Relator objects to these findings and argues that the record clearly and convincingly demonstrates that Fernandez violated Prof.Cond.R. 1.3, 2.1, 5.3(b), and 5.5(a). Because we find that the hearing panel unanimously dismissed those alleged violations, however, we decline to consider the merits of relator's objections to that dismissal.

**{¶ 13}** We have previously held that the unanimous dismissal of a count by a hearing panel in a disciplinary proceeding precludes further review of the dismissal by the full board or this court. *See Disciplinary Counsel v. Hale*, 141 Ohio St.3d 518, 2014-Ohio-5053, 26 N.E.3d 785, ¶ 22; *Cuyahoga Cty. Bar Assn. v. Marosan*, 109 Ohio St.3d 439, 2006-Ohio-2816, 848 N.E.2d 837, ¶ 13; and *Columbus Bar Assn. v. Dougherty*, 105 Ohio St.3d 307, 2005-Ohio-1825, 825 N.E.2d 1094, ¶ 9.

**{¶ 14}** Under past versions of the rule, however, further review of a unanimous dismissal was precluded only when the panel also gave written notice of that action to the board, the respondent, all counsel of record, disciplinary counsel, the certified grievance committee for the local bar association, and others. *See*, *e.g.*, *Disciplinary Counsel v. Doellman*, 127 Ohio St.3d 411, 2010-Ohio-5990, 940 N.E.2d 928, ¶ 31; former Gov.Bar R. V(6)(G), 132 Ohio St.3d xiv-xv (June 18, 2012 Ohio Official Reports Advance Sheet), and former Gov.Bar R. V(6)(H), 64

Ohio St.3d XCVIII (1992). Thus, when the required notices were absent, we formerly concluded that the panel had not effectuated a dismissal, but merely a recommendation of a dismissal. *See*, *e.g.*, *Toledo Bar Assn. v. Harvey*, 141 Ohio St.3d 346, 2014-Ohio-Ohio-3675, 24 N.E.3d 1006, ¶ 10, fn. 1; *Akron Bar Assn. v. Binger*, 139 Ohio St.3d 186, 2014-Ohio-2114, 10 N.E.3d 701, ¶ 5, fn. 2; *Doellman* at ¶ 33; *In re Complaint against Harper*, 77 Ohio St.3d 211, 216, 673 N.E.2d 1253 (1996). And under those circumstances, we considered objections to the panel's "recommended" dismissal. *Id.*

**{¶ 15}** But with the most recent amendments to the Supreme Court Rules for the Government of the Bar of Ohio, effective January 1, 2015, a unanimous hearing panel may now order a count or a complaint dismissed on the record or in its report and is required to provide a dismissal entry to relator, respondent, and counsel of record only if the entire complaint is dismissed. *See* Gov.Bar R. V(12)(G).[2] Thus, the panel's unanimous dismissal of the alleged violations of Prof.Cond.R. 1.3, 2.1, 5.3(b), and 5.5(a) in the body of its report is sufficient to effectuate dismissal. We decline to consider the merits of relator's objections to that dismissal.

## Sanction

**{¶ 16}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, relevant aggravating and mitigating factors, and the sanctions imposed in similar cases. *See* Gov.Bar R. V(13)(A).

---

[2] Gov.Bar R. V(12)(G) provides:

> If, at the end of the evidence presented by the relator or of all evidence, a unanimous hearing panel finds that the evidence is insufficient to support a charge or count of misconduct, the panel may order on the record or in its report that the complaint or count be dismissed. If a unanimous hearing panel dismisses a complaint in its entirety, the director shall send a dismissal entry to the relator, respondent, and all counsel of record.

{¶ 17} As aggravating factors, the board found that Fernandez did not fully cooperate with relator's investigation and failed to show remorse for his misconduct. Gov.Bar R. V(13)(B)(5) and (7). The record shows that he refused to provide a requested list of dates for his deposition and that after relator set a date without his input, he declined service of the subpoena. The sole mitigating factor is that Fernandez has no prior disciplinary record. Gov.Bar R. V(13)(C)(1).

{¶ 18} In determining the appropriate sanction for Fernandez's misconduct, the board considered several cases in which we publicly reprimanded attorneys who failed to reasonably communicate with one of their clients. *See Butler Cty. Bar Assn. v. McGee*, 142 Ohio St.3d 111, 2015-Ohio-973, 28 N.E.3d 111 (publicly reprimanding an attorney who neglected a client's personal-injury matter, failed to reasonably communicate with the client, and voluntarily dismissed the case without the client's knowledge or consent); *Lorain Cty. Bar Assn. v. Godles*, 128 Ohio St.3d 279, 2010-Ohio-6274, 943 N.E.2d 988 (publicly reprimanding an attorney for neglecting a client's personal-injury matter and failing to reasonably communicate with the client regarding the management and status of his case); and *Columbus Bar Assn. v. Bhatt*, 133 Ohio St.3d 131, 2012-Ohio-4230, 976 N.E.2d 870 (publicly reprimanding an attorney who neglected the legal matters of two clients, failed to keep his clients reasonably informed about the status of their legal matters, and failed to notify them that his professional-liability insurance had lapsed for several months during his representation).

{¶ 19} Having thoroughly reviewed the record, we adopt the findings and conclusions of the board and find that by failing to have any direct communication with his client during the four months that he represented her, Fernandez violated Prof.Cond.R. 1.4(a)(2) and 1.4(b). And in light of the applicable aggravating and mitigating factors and the sanctions we have imposed for comparable misconduct, we agree that a public reprimand is the appropriate sanction in this case.

**{¶ 20}** Accordingly, Justin Enrique Fernandez is hereby publicly reprimanded for the above-described misconduct. Costs are taxed to Fernandez.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Justin D. Flamm, Nicholas A. Zingarelli, and Edwin W. Patterson III, for relator.

James J. Brudny Jr., for respondent.

_____