**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Corner*, **Slip Opinion No. 2020-Ohio-961.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-961

DISCIPLINARY COUNSEL *v.* CORNER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Corner*, Slip Opinion No. 2020-Ohio-961.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—One-year suspension, fully stayed on conditions.*

(No. 2019-0215—Submitted December 10, 2019—Decided March 18, 2020.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-063.

————————————

**Per Curiam.**

**{¶ 1}** Respondent, Beverly J. Corner, of Columbus, Ohio, Attorney Registration No. 0042725, was admitted to the practice of law in Ohio in 1989.

**{¶ 2}** In February 2016, we suspended Corner's license for two years, with the second year stayed on conditions, for misappropriating client funds, lying to a client, misusing her client trust account, failing to competently and diligently

represent a client, and other misconduct. *Disciplinary Counsel v. Corner*, 145 Ohio St.3d 192, 2016-Ohio-359, 47 N.E.3d 847. Although Corner could have applied for reinstatement in February 2017, she did not do so until August 2017. In October 2017, we denied her request for reinstatement. *Disciplinary Counsel v. Corner*, 151 Ohio St.3d 1404, 2017-Ohio-8306, 84 N.E.3d 1045. Although her application indicated that she had complied with the continuing-legal-education requirements for suspended attorneys, she had in fact fallen far short of completing the requisite number of credit hours.

{¶ 3} On December 4, 2017, relator, disciplinary counsel, charged Corner in a four-count complaint with committing professional misconduct after we issued our February 2016 suspension order. On the same day, Corner filed a second application for reinstatement. Gov.Bar R. V(24)(C)(4), however, permits this court to reinstate suspended attorneys only if "[n]o formal disciplinary proceedings are pending against the respondent." On December 15, 2017, we denied Corner's second reinstatement application. *Disciplinary Counsel v. Corner*, 151 Ohio St.3d 1463, 2017-Ohio-9034, 87 N.E.3d 1263.

{¶ 4} The parties stipulated to some facts and exhibits in the new case, but Corner denied that she had violated any ethical rules. After a hearing, a three-member panel of the Board of Professional Conduct found that Corner had engaged in the misconduct alleged in count three of relator's complaint, dismissed the other counts, and recommended that Corner serve a one-year conditionally stayed suspension, commencing upon reinstatement from her February 2016 suspension. The board issued a report adopting the panel's findings of misconduct and recommended sanction. Relator has filed objections to the board's report, arguing that the board should have found that Corner committed the misconduct alleged in count two of relator's complaint and that, regardless, Corner's actions warrant an actual suspension from the practice of law.

{¶ 5} For the reasons explained below, we overrule relator's objections and accept the board's findings of misconduct and recommended sanction.

**Misconduct**

{¶ 6} Prior to Corner's February 2016 suspension, her stepmother, Perciline Beverly, sought her assistance with the purchase of a parcel of real property from Joe McDaniels. Because McDaniels's deceased wife had an interest in the property, he first had to obtain a certificate from the probate court transferring his wife's interest to him. Beverly gave Corner a $75 check dated February 2, 2016, which was the amount of the filing fee to obtain the certificate of transfer.

{¶ 7} The following day, we suspended Corner from the practice of law. She nevertheless continued to assist Beverly with filing documents and nonattorney tasks relating to the property transfer. For example, in October 2016, Corner purchased a $75 money order that was used to pay the probate court filing fee. And after the probate court issued the certificate of transfer, Corner filed the certificate in the recorder's office and paid the $28 filing fee with a check provided by Beverly.

{¶ 8} In November 2016, relator received an unsigned grievance—purportedly from McDaniels—alleging that Corner had continued to practice law after her suspension. Relator requested that Corner respond to the grievance and explain, among other things, who had paid the filing fees relating to McDaniels's certificate of transfer. In response, Corner admitted that she had filed the certificate at the recorder's office but denied having paid the filing fee and stated that she was unaware who had paid the probate court fee.

{¶ 9} In a follow-up letter, relator requested that Corner further explain why she had filed the certificate of transfer on behalf of McDaniels. Corner did not directly answer relator's question and instead described her work as a part-time notary signing agent. Corner stated that in that capacity, she filed documents and paid filing fees on behalf of the "entity" that retained her. Relator then requested Corner to provide the name of the "entity" that had hired her for McDaniels's

matter, but Corner refused to identify her stepmother as the person who had sought her assistance.

{¶ 10} The board found that by falsely stating that she was unaware who had paid the filing fees and that she had been hired by an "entity," Corner violated Prof.Cond.R. 8.1(a) (prohibiting a lawyer from knowingly making a false statement of material fact in connection with a disciplinary matter). The board also found that by refusing to provide Beverly's name when relator requested the identity of the entity who had retained her, Corner violated Prof.Cond.R. 8.1(b) (prohibiting a lawyer from failing to disclose a material fact in response to a demand for information from a disciplinary authority).

{¶ 11} We agree with the board's findings of misconduct.

### Relator's objection to the dismissal of count two

{¶ 12} In the only objection to the board's misconduct findings, relator asserts that the board erred by dismissing count two of relator's complaint. The board's decision is reviewable, relator argues, because it is "unclear" whether the hearing panel unanimously dismissed count two or merely recommended dismissal, and this court should construe any ambiguity in the panel's report against a unanimous dismissal.

{¶ 13} Gov.Bar R. V(12)(G) expressly authorizes a unanimous hearing panel to "order on the record or in its report" the dismissal of a count if the panel finds that there is insufficient evidence to support it. As an alternative to a unanimous dismissal, Gov.Bar R. V(12)(H) provides that a hearing panel may refer its findings of fact and recommendations for dismissal to the board for review. Here, we find no ambiguity in the panel's decision dismissing—rather than recommending dismissal of—count two. The panel's report, which was signed by all three panel members, indicates that relator failed to establish the alleged rule violation by clear and convincing evidence and "as such Count Two is dismissed."

4

The panel confirmed this finding later in its report when it noted that "three of the counts have been dismissed so we are left with the McDaniels count."

{¶ 14} "We have previously held that the unanimous dismissal of a count by a hearing panel in a disciplinary hearing precludes further review of the dismissal by the full board or this court." *Cincinnati Bar Assn. v. Fernandez*, 147 Ohio St.3d 329, 2016-Ohio-5586, 65 N.E.3d 724, ¶ 13. Therefore, because the hearing panel unanimously dismissed count two for lack of sufficient evidence, we are not permitted to consider the merits of relator's objection. *See Disciplinary Counsel v. Maciak*, 153 Ohio St.3d 185, 2018-Ohio-544, 102 N.E.3d 485, ¶ 20 ("Review of the dismissed counts, for any reason, is not permitted").

**Sanction**

{¶ 15} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 16} As aggravating factors, the board found that Corner has a prior disciplinary record and that she refused to acknowledge the wrongful nature of her conduct in count three. *See* Gov.Bar R. V(13)(B)(1) and (7). In mitigation, the board found that Corner did not act with a selfish or dishonest motive. *See* Gov.Bar R. V(13)(C)(2). According to the board, Corner was "very upset" throughout relator's investigation because she could not understand why McDaniels had filed a grievance against her. As it turned out, McDaniels had *not* filed the grievance. Instead, the unsigned grievance had been filed by an unknown individual who had written McDaniels's name on the grievance, and relator did not discover that fact until several months after commencing the investigation into Corner's conduct. The board noted that although Corner's conduct during the investigation was wrong, considering the circumstances of the fictitious grievance, it was "somewhat understandable."

**{¶ 17}** To support its recommended sanction, the board cited *Disciplinary Counsel v. Wexler*, 139 Ohio St.3d 597, 2014-Ohio-2952, 13 N.E.3d 1168, in which we imposed a six-month conditionally stayed suspension on an attorney who made false statements during the course of a disciplinary investigation. Like the panel in this case, the panel in *Wexler* had unanimously dismissed all the other charges against the attorney relating to a grievance filed against him.

**{¶ 18}** As it did in *Wexler*, the board recommends a fully stayed suspension in this case. The board recognized that Corner committed the misconduct while she was suspended. But the board also noted the paucity of evidence for some of relator's allegations against Corner and that this case has resulted in her being suspended for much longer than originally intended by our February 2016 suspension order. The board therefore concluded that Corner has already been punished for her misconduct in this matter and recommends that we impose a one-year suspension, stayed in its entirety on conditions, commencing upon her reinstatement from our February 2016 suspension order.

**{¶ 19}** Relator objects to the board's recommended sanction, arguing that because this is Corner's second disciplinary case—and second case involving dishonest conduct—an actual suspension is warranted. Relator also takes issue with the board's comments that Corner's dishonesty was "somewhat understandable" and that she has already been "punished" based on the length of her February 2016 suspension. According to relator, it was irrelevant who had filed the grievance because relator had the authority to investigate anonymous grievances, and relator believes that accepting the board's position would set a dangerous precedent by giving attorneys "carte blanche permission" to provide false information in a disciplinary investigation "simply because they believe the allegations are meritless." Relator also asserts that any delay in Corner's reinstatement was her own fault.

{¶ 20} Relator is correct that a disciplinary authority may investigate an anonymous grievance or "any matter * * * that comes to its attention." Gov.Bar R. V(9)(C)(1); *see also Disciplinary Counsel v. Kramer*, 149 Ohio St.3d 425, 2016-Ohio-5734, 75 N.E.3d 1174, ¶ 34. The board's concern here, however, was that relator had investigated an unsigned grievance without timely reaching out to the purported grievant to determine whether he had in fact filed the document. Regardless, the board concluded—and we agree—that despite the circumstances of the grievance, Corner "had a duty to cooperate, be truthful, and provide material information, all of which she did not do." We interpret the board's comment that Corner's conduct was "somewhat understandable" as providing context for her motive in light of the unusual circumstances in this case—not as establishing precedent condoning her false statements in connection with the disciplinary investigation. As the board found, there was no excuse for Corner's dishonest conduct and she had a duty "to cooperate with the investigation regardless of how it was instigated."

{¶ 21} Relator is also correct that some of the delay in Corner's reinstatement is attributable to her own conduct. The fact remains, however, that she has been suspended for over four years for what was supposed to be, at most, a two-year suspension, and the charges pending in this case have prevented her reinstatement. We have consistently recognized that "the goal of disciplinary proceedings is not to punish the errant lawyer, but to protect the public." *Toledo Bar Assn. v. Hales*, 120 Ohio St.3d 340, 2008-Ohio-6201, 899 N.E.2d 130, ¶ 21. And "[w]hile consistency is also a goal, 'we examine each case individually and impose the discipline we believe appropriate based on the unique circumstances of each case.' " *Id.*, quoting *In re Disciplinary Action Against Ruffenach*, 486 N.W.2d 387, 390 (Minn.1992).

{¶ 22} In *Disciplinary Counsel v. Bunstine*, 144 Ohio St.3d 115, 2015-Ohio-3729, 41 N.E.3d 384, we imposed a six-month suspension on an attorney who

had failed to cooperate in a disciplinary investigation. We noted that because the attorney had two prior disciplinary cases in a three-year period, a greater sanction might have been warranted. However, because the charges pending against the attorney in the third case had prevented him from seeking reinstatement from a one-year suspension that we had imposed over two years prior, we found a six-month suspension to be appropriate. *Id.* at ¶ 26.

{¶ 23} We apply the same rationale here. Although we in no way condone Corner's attempts to mislead relator, considering the unique circumstances of this case—including that she has now served a four-year suspension under our February 2016 suspension order—the goals of the disciplinary system are served by imposing the stayed suspension recommended by the board. We also agree that the stayed suspension shall commence upon Corner's reinstatement from our February 2016 suspension order, assuming that she is able to prove that she has complied with the reinstatement requirements imposed by that order. We therefore overrule relator's objection and adopt the board's recommended sanction. *See Disciplinary Counsel v. Derryberry*, 152 Ohio St.3d 41, 2017-Ohio-8767, 92 N.E.3d 844 (imposing a one-year conditionally stayed suspension on an attorney who—in his second disciplinary case involving dishonest conduct—made false statements during the disciplinary investigation and failed to reasonably communicate with a client).

## Conclusion

{¶ 24} For the reasons explained above, Beverly J. Corner is hereby suspended from the practice of law in Ohio for one year, with the entire suspension stayed on the conditions that she achieve a passing score on the Multistate Professional Responsibility Examination and engage in no further misconduct. If Corner violates either condition of the stay, the stay will be lifted and she will serve the entire one-year suspension. Corner's stayed suspension shall commence upon

her reinstatement from our February 3, 2016 suspension order. Costs are taxed to Corner.

Judgment accordingly.

FRENCH, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

O'CONNOR, C.J., dissents, with an opinion joined by FISCHER, J.

FISCHER, J., dissents, with an opinion joined by O'CONNOR, C.J.

_____

**O'CONNOR, C.J., dissenting.**

{¶ 25} Because I disagree with the majority's conclusion that a fully stayed one-year suspension is the appropriate sanction in this case, I dissent.

{¶ 26} The majority correctly agrees with the Board of Professional Conduct's findings that respondent, Beverly J. Corner, violated Prof.Cond.R. 8.1(a) by lying in connection with a disciplinary matter and violated Prof.Cond.R. 8.1(b) by failing to disclose a material fact in the disciplinary process. But the majority sends mixed signals to members of the public and the legal profession by failing to impose an actual suspension while agreeing with the board that "there was no excuse for Corner's dishonest conduct and she had a duty 'to cooperate with the investigation regardless of how it was instigated.' " Majority opinion at ¶ 20, quoting the board's report. Additionally, although the majority acknowledges that "some of the delay in Corner's reinstatement is attributable to her own conduct," it incorrectly finds that the delay warrants a lesser sanction. *Id.* at ¶ 21.

{¶ 27} The only factor the board found in mitigation here—that Corner did not act with a selfish or dishonest motive—is not supported by the record. In my view, the facts of this case clearly demonstrate that Corner's misconduct was borne out of a selfish and dishonest motive. At the time of the violations in this case, Corner was already serving a prior suspension for dishonest conduct. By deceiving relator, disciplinary counsel, and withholding information during the disciplinary

investigation that Corner had a duty to disclose, she clearly was protecting herself from further discipline.

{¶ 28} The board and the majority mistakenly rely on *Disciplinary Counsel v. Wexler*, 139 Ohio St.3d 597, 2014-Ohio-2952, 13 N.E.3d 1168, to support their conclusions that a fully stayed suspension is appropriate here. Unlike the respondent in *Wexler*, there is no evidence in the record that Corner made efforts in the disciplinary proceedings to acknowledge her dishonesty and correct her misconduct through full disclosure. Instead, Corner made an issue of the identity of the grievant which, as the majority correctly acknowledges, is entirely irrelevant to whether an attorney must cooperate during a disciplinary proceeding. Additionally, in *Wexler*, the board found in mitigation that Wexler had not had a prior disciplinary record and that he had presented evidence of his good character and reputation. *Id.* at ¶ 14. Neither of these factors are present here. For these reasons, *Wexler* is distinguishable.

{¶ 29} I agree with the majority and relator that *Disciplinary Counsel v. Bunstine*, 144 Ohio St.3d 115, 2015-Ohio-3729, 41 N.E.3d 384, is more instructive here, but not for the reasons cited by the majority. In *Bunstine*, this court found that a six-month actual suspension was the proper sanction for an attorney who had failed to cooperate in the disciplinary process and, like Corner, had a prior disciplinary record and refused to acknowledge any wrongdoing. *Id.* at ¶ 26. Notably, Bunstine's misconduct was the failure to cooperate with the disciplinary process in violation of Prof.Cond.R. 8.1(b). *Id.* at ¶ 25. Corner also violated that provision, but she additionally violated Prof.Cond.R. 8.1(a) by making a false statement in connection with her disciplinary investigation. Thus, I would find that this additional violation warrants a longer suspension than the six-month suspension imposed in *Bunstine*.

{¶ 30} The board and the majority also have lost their way by relying on *Bunstine* for the proposition that the time that has elapsed since Corner's February

2016 suspension supports the imposition of a fully stayed suspension here. In *Bunstine*, additional charges of professional misconduct that we rejected prevented the attorney from seeking reinstatement from a prior suspension when he otherwise would have been eligible. Here, however, Corner was eligible for reinstatement from her February 2016 suspension in February 2017. But Corner chose to wait until August 2017 to first seek reinstatement. During this time, no disciplinary charges were pending. This court expeditiously grants reinstatement as long as the suspended attorney has complied with the conditions for reinstatement set forth in Gov.Bar R. V(24), which includes the completion of the continuing-legal-education requirements set forth in Gov.Bar R. X. *See* Gov.Bar R. V(24)(C)(3). Corner's attempt at reinstatement failed because she had been dishonest regarding her completion of the continuing-legal-education requirements. Thus, Corner's delay and dishonesty prevented her reinstatement.

{¶ 31} Corner had almost a year to seek reinstatement before relator filed the disciplinary complaint in this case in December 2017. Contrary to the majority's view, I would find that the circumstances surrounding Corner's failed reinstatement attempt weigh in favor of *additional* protection for the public, not less. And I disagree with the majority's conclusion that Corner has essentially served a "four-year suspension under our February 2016 suspension order" and that the goals of the disciplinary system are served by a stayed suspension. Majority opinion at ¶ 23. Any additional time that Corner served under her prior suspension can be attributed only to her own actions.

{¶ 32} For these reasons, I would impose a two-year suspension, with one year stayed on the condition that Corner engage in no further misconduct. Additionally, I would not award Corner any credit for the time that she served under her prior suspension.

FISCHER, J., concurs in the foregoing opinion.

_____

11

**FISCHER, J., dissenting.**

{¶ 33} I join the first dissenting opinion. I write separately to explain why this court should review the board's dismissal of count two.

{¶ 34} The majority opinion does not consider the merits of relator's objection to the Board of Professional Conduct's dismissal of count two. Its basis for doing so is that the hearing panel "unanimously dismissed" count two for lack of sufficient evidence. Majority opinion at ¶ 14. The majority opinion is not correct.

{¶ 35} As I have explained in a prior case, when a hearing panel unanimously dismisses counts pursuant to Gov.Bar R. V(12)(G), the dismissal order is effectively insulated from any type of review. *Disciplinary Counsel v. Mancino*, 154 Ohio St.3d 49, 2018-Ohio-3017, 110 N.E.3d 1265, ¶ 15 (Fischer, J., concurring). Thus, as the majority opinion recognizes, in order for a panel's dismissal to have this preclusive effect, the panel's dismissal must be unanimous.

{¶ 36} I disagree with the conclusion of the majority opinion that the panel's dismissal of count two was unanimous. The board's report states that "the panel feels Relator failed to establish by clear and convincing evidence the Respondent violated Prof.Cond.R. 3.4 and Count Two is dismissed." This language does not specify that the panel's dismissal was unanimous and is in direct contrast to the portion of the board's report addressing count four: "Relator submits that Respondent engaged in the unauthorized practice of law in Virginia and as such violated Prof.Cond.R. 5.5(a), but the panel *unanimously* finds no clear and convincing evidence to support that position and dismisses this alleged violation." (Emphasis added.)

{¶ 37} The board's use of the word "unanimously" in relation to the dismissal of count four indicates that when the panel acted unanimously, the board specifically said so. Because the board used neither "unanimous" nor "unanimously" in relation to the dismissal of count two, the board's report is

ambiguous regarding whether the dismissal of count two was unanimous. I would resolve this ambiguity in favor of preserving this court's ability to oversee the practice of law in Ohio and review the dismissal of count two.

{¶ 38} Because the board's report is ambiguous regarding whether the panel dismissed count two unanimously, and because I would resolve that ambiguity in favor of this court being able to review the dismissal, I would have this court proceed to consider the merits of relator's objection. .

{¶ 39} Pursuant to the stipulated facts in this case, respondent, Beverly J. Corner, conceded that pursuant to an order of this court, before she entered into an employment, contractual, or consulting relationship with any attorney or law firm, she had been required to verify that the attorney or law firm had complied with the registration requirements of Gov.Bar R. V(23)(C). She further stipulated that she had entered into an independent-contractor relationship with an attorney without first complying with this requirement. In fact, she conceded that she had registered this independent-contractor relationship only after she had finished working with the attorney and only after relator inquired as to why she had failed to comply with the requirement.

{¶ 40} Corner's failure to comply with this requirement constitutes a violation of Prof.Cond.R. 3.4(c) (prohibiting an attorney from disobeying an obligation under the rules of a tribunal). This violation provides further support for imposing a two-year suspension with one year of that suspension stayed on conditions. I accordingly join the first dissenting opinion.

O'CONNOR, C.J., concurs in the foregoing opinion.

––––––––––––––––––

Joseph M. Caligiuri, Disciplinary Counsel, and Karen H. Osmond, Assistant Disciplinary Counsel, for relator.

Law Office of Philip A. King, L.L.C., and Philip A. King, for respondent.

––––––––––––––––––